LANIER *et al.* v. BYRD, administrator.

1. When an amendment to a plaintiff's petition has been in term duly allowed, it is not, at a subsequent term, within the power of the court to strike the amendment on the ground that it is not germane, or sets forth a new and distinct cause of action.
2. That ground of the motion for a new trial in the present case assigning error upon the rejection of testimony was not well taken, the documents sought to be introduced being irrelevant to the issues on trial.
3. The evidence was sufficient to warrant the verdict, and there was no abuse of discretion in refusing to grant a new trial.

Submitted March 1, — Decided April 3, 1902.

Complaint. Before Judge Russell. Gwinnett superior court. March 23, 1901.

*N. L. Hutchins Jr.*, and *Oscar Brown*, for plaintiffs in error.
*T. M. Peeples*, contra.

FISH, J. 1. The first of the special grounds of the motion for a new trial in this case complains that the court below erred "in overruling defendants' motion to strike the amendment offered by plaintiff and allowed by the court on a former trial of the case, . . upon the ground that the said amendment introduced a new and distinct cause of action, and rendered the plaintiff's action bad for duplicity." It appears that this amendment was allowed and ordered filed September 10, 1898, and that the motion to strike was made a year later, when the case came on for trial at the September term, 1899, of Gwinnett superior court. From this statement it follows,

in view of the ruling announced in the case of *McCandless* v. *Conley*, ante, 48, not only that the court did not err in refusing to strike the amendment in question, but that for him to have granted the motion to strike would have been error requiring the grant of a new trial.

2. This was in effect a suit to recover an unpaid balance of purchase-money on a tract of land sold to the defendants by the plaintiff's intestate during her lifetime, a part of the consideration of the sale being, as alleged in the petition, a promise by the defendants to pay off a note of Mrs. Byrd (the deceased) to E. M. Brand, which was secured by a mortgage on land of which this tract was a part. At the trial the defendants sought to introduce in evidence a rent contract between Mrs. Byrd and the defendants, the subject of which was a different piece of land from the one involved in this action. The purpose for which this evidence was offered was stated in the motion to be to show "that the alleged promise of defendants to pay the debt of Mrs. Mary A. Byrd, . . then held by E. M. Brand, was a separate agreement, in reference to the purchase of one hundred acres of land referred to in said rent contract, and in no way connected with the one hundred and fifty acres of land the purchase-price of which is the foundation of the plaintiff's present action." This evidence was excluded, and we think very properly, as it had no relevancy to the issues involved in the case on trial. We are at a loss to see how this rent contract, relating as it did to a different tract of land from the one involved in the case under consideration, could have accomplished the purpose for which it was alleged to have been offered, or in what way this conclusion, even if established, was germane to the issues on trial.

3. The grounds of the motion for a new trial which complain that the verdict was contrary to law and the evidence, and that the court erred in refusing to grant a nonsuit on motion of counsel for the defendants, are without merit. The case presented by the record is not only not one requiring the grant of a nonsuit, but is one amply authorizing a recovery for the plaintiff of the amount of the verdict returned. The evidence in some respects was conflicting, but was sufficient to sustain the finding of the jury ; and this court can not interfere with the discretion of the trial judge in overruling the motion for a new trial. Error is also assigned upon certain instructions alleged to have been given to the jury, on the

ground that they were not applicable to the issues involved; but the court in this connection certifies that the charge complained of was given by mistake and was immediately withdrawn, with instructions to the jury to disregard the portion of the charge which had been erroneously given. ·It is questionable if the charge complained of, even if left alone, would have been error of such importance as to require the grant of a new trial; but at all events, whatever harm was done thereby was cured by the subsequent correction of the trial judge, and will not work a reversal of the judgment rendered.

*Judgment affirmed.   All the Justices concurring, except Little and Lewis, JJ., absent.*