## DEERING HARVESTER COMPANY *v.* THOMPSON.

1. A default will not be opened at the instance of a defendant unless he shows a "reasonable excuse" for failing to file an answer at the first term, that is, such an excuse as will justify the exercise in his favor of a sound legal discretion.
2. An order passed by the superior court in which a petition is filed, allowing the defendant until a date after the adjournment of the appearance term within which to file an answer, will not, when the plaintiff did not consent to the passage of such order, afford him such an excuse as is referred to in the preceding note. The court had no power to pass such an order, and the defendant was chargeable with knowledge of its want of authority.

Argued October 6,—Decided October 30, 1902.

Complaint. Before Judge Holden. Madison superior court. September 1, 1902.

*Z. B. Rogers* and *J. F. L. Bond,* for plaintiff.
*John E. Gordon* and *David W. Meadow,* for defendants.

COBB, J. The Deering Harvester Company brought suit against Thompson, in the superior court. The defendant did not file any plea or answer at the appearance term, but at that term an order was passed allowing him sixty days within which to file a plea. This order was taken without the consent of the plaintiff or its attorneys. The defendant filed a plea within sixty days after the passage of the order, but after the adjournment of the appearance term. At the trial term the court, upon motion of the plaintiff, struck the defendant's plea, upon the ground that it was not filed in time. The defendant thereupon moved to open the default, giving as his reason for so doing that he acted under an order of the court which was held to be illegal for want of authority in the court to pass it. The presiding judge, Hon. Paul E. Seabrook, passed an order opening the default and allowing the defendant to file his plea. To this ruling the plaintiff excepted pendente lite. At a subsequent term of the court the case came on to be tried before Judge Holden, and upon motion of the defendant a nonsuit was awarded. The case is here upon a bill of exceptions assigning error upon the ruling of Judge Seabrook opening the default, and upon the granting of a nonsuit by Judge Holden.

A defendant who has been served with a petition and process is required to appear at the term to which the process is returnable and make his defense in writing. Civil Code, § 5052. When the defendant fails to appear at the first term, the case is in default. Civil Code, § 5077. The court has no authority to extend the time for filing a plea in any case. Where the defendant has filed a plea in due time, and objection is made to such plea by the plaintiff on the call of the appearance docket, the court may, on good cause shown, allow a reasonable time, in his discretion, for the making and filing of an amendment to the plea. Civil Code, § 5045. But we are aware of no law which authorizes the court to extend the time for filing an answer beyond the appearance term. The failure of the defendant in the present case to file his answer at the appearance term was due to his reliance upon an order of the court which was illegal for want of authority in the court to pass it. The defendant's reliance upon this order was the result, not of a mistake of the law, but of ignorance of the law ; and although he may have acted in good faith, the passage of the order can not afford him any reasonable excuse for his failure to file a plea. In *Brucker* v. *O'Connor*, 115 *Ga.* 75, Mr. Chief Justice Simmons, in referring to that section of the Civil Code which authorizes the judge to open defaults in certain cases at the trial term, says : " While this section gives to a judge a broad discretion, it does not mean that he can act arbitrarily, but that he may exercise a sound and legal discretion. It does not give him authority to open a default capriciously, or for fanciful or insufficient reasons. ' Excusable neglect ' does not mean gross negligence. It does not mean a wilful disregard of the process of the court, but refers to cases where there is a reasonable excuse for failing to answer. . . The code gives a judge no authority to open a default, after the term has passed, for reasons which fall short of a reasonable excuse for the negligent failure to answer." See, also in this connection, *Kellam* v. *Todd*, 114 *Ga.* 981 ; *Ingalls* v. *Lamar*, 115 *Ga.* 296. Reliance upon an order of court which is void for want of authority in the court to pass it is certainly not a reasonable excuse for a failure to comply with the law. The court erred in opening the default.

*Judgment reversed. All the Justices concurring, except Lumpkin, P. J., absent.*