## ALBANY PINE PRODUCTS COMPANY *v.* HERCULES MANUFACTURING COMPANY.

Where it appears that an entry was made by the judge on the docket of "in default," and it also appears that on the same day the judge defaced the entry by passing his pen through it, in the absence of proof to the contrary such mutilated, entry will be treated as the correction of an inadvertence, and not as an "in default" judgment.

Argued May 27,—Decided June 14, 1905.

Complaint.    Before Judge Crosland.    City court of Albany. September 13, 1904.

The Hercules Manufacturing Company brought suit, in the city court of Albany, against the Albany Pine Products Company, upon an open account. The process was returnable to the May term, 1904, and was duly served upon the defendant. At the trial term the plaintiff made a written motion to strike the defendant's plea, upon the following grounds: "First: Said plea was not filed at the first term of said court, as required by section 5052 of the Code of 1895; said plea was not filed in said case until after said court had fully and completely adjourned. Second: Defendants then sought to file said plea after said court had adjourned as above stated, by an order of said court (R. Hobbs) which now appears on the foot or bottom of said plea, authorizing the filing thereof. Third: Plaintiffs aver that said order admitting said plea to be filed as aforesaid is a nullity; that the said court had no legal right or authority to pass such an order admitting and authorizing said plea to be filed at said time and thereby opening said case which had gone by in default." Upon the hearing of the motion to strike the plea the deputy clerk testified as follows: "The May term, 1904, of said court convened at about nine o'clock a. m. on the 9th day of May, 1904, and was in session for only about two hours, during which time the appearance docket was called, his honor, Richard Hobbs, now deceased, then judge of said court, presiding; and at about eleven o'clock a. m. of the same day the court took a recess to the 23d day of May, 1904, said Hobbs, the then judge of said court, announcing from the bench that the court would take a recess until the 23d day of May, 1904; that during the afternoon of said day, May 9th, 1904, he was handed

the plea in said case, with the following order, in the handwriting of the then judge of said court, at the bottom of the same: 'Ordered filed May 9th, 1904, Richard Hobbs, Judge C. C. A.,' which he filed in office on said 9th day of May, 1904; and that at the time said plea and order were filed the costs which had accrued in said case were not paid, and have not yet been paid; that the docket of said court shows said case first to have been marked 'in default, May Term, 1904,' and then the words 'in default' stricken out, and the words 'Plea filed, May Term 1904,' written on the docket, opposite said case, all in the handwriting of said Judge Hobbs, and that he did not know when said entries were made by Judge Hobbs on said docket." Upon this evidence the court sustained the motion to strike the plea, and the defendant excepts.

*John D. Pope*, for plaintiff in error.
*Wooten & Hofmayer* and *L. W. Nelson*, contra.

EVANS, J. (After stating the facts.) The evidence does not show that the case was in default. Before a case can be considered in default the appearance docket must be called and the entry "in default" must be entered. *Gordon* v. *Hudson*, 120 *Ga.* 698. While it appears that an entry was made by the presiding judge, "in default," it also appears that the same judge defaced the entry by passing his pen through it. Such mutilated entry should not have the effect of a judgment of "in default," and is rather attributable to an effort on the part of the judge to correct an entry inadvertently made. In calling the appearance docket it sometimes happens that the presiding judge enters a case "in default" by mistake, when a plea has been filed, and such erroneous entry is corrected by a total or partial defacement. It is rather to be presumed, from the evidence in the record, that the entry of the judge was due entirely to inadvertence, and not to an attempt to formally open an "in default" judgment. A default can not be opened except in the way prescribed by the statute. Civil Code, §§ 5070, 5072. There was no attempt to comply with the statutory requirement. The plea may have been filed with the judge, and at the time of the entry he may have forgotten the fact that he had it in his possession. The possibility of such an occurrence may explain the entry on the plea. At all events, a case is not "in de-

fault" unless so entered on the docket by the judge; and where the entry is marked off or defaced by the judge on the day the appearance docket is called, such marred entry should not have the effect of an "in default" judgment. The presumption is that the case was not in default, but that the entry was heedlessly made by the judge through mistake, and that he disfigured the entry with his pen in order to correct his mistake. We hold that it was error to strike the defendant's plea.

*Judgment reversed.     All the Justices concur, except Simmons, C. J., absent.*