### 1499.   LEE & COMPANY *v.* GRICE.

The court abused its discretion in not allowing the defendant to open
the default.

Motion to open default, from city court of Statesboro—Judge Brannen. October 14, 1908.

Submitted December 15, 1908.—Decided January 27, 1909.

*J. J. E. Anderson,* for plaintiffs in error.

*F. T. Lanier,* contra.

POWELL, J. The defendants received from the plaintiff a notice, probably intended to fix liability for attorney's fees, that suit on certain notes would be brought to the next term of the city court of Statesboro. The next term of that court was the June monthly term. The defendants went at once to an attorney, who prepared for them a good plea to the merits, and they filed it in the clerk's office on June 3. The suit on the notes, however, was not filed until June 6, and was made returnable to the July quarterly term. At the July term a default was marked on the docket. At the trial term the defendants, discovering that the plea had been filed prior to the filing of the suit, offered to open the default and plead instanter, tendering the same defense. The court refused the motion and gave judgment for the plaintiff.

The object of our pleading act, in requiring the defendant to answer at the first term, is to speed litigation and to notify the plaintiff in advance as to what issues he must be prepared to meet at the trial term. If the defendant fails to answer at the first term and a default is entered, he may nevertheless be permitted to plead at the next term, and to open the default "for providential cause preventing the filing of a plea, or for excusable neglect, or where the judge, from all the facts, shall determine that a proper case has been made for the default to be opened on terms to be fixed by the court." Civil Code, § 5072. In this case the failure to answer regularly was due to the fact, not that the defendants were too lazy, but that they were too smart. The plaintiff, however, was not hurt; nor was he delayed in ascertaining the defense which was to be made against him. The plea was lodged in the clerk's office, just as open to his inspection as if it had been filed regularly. We think, therefore, that the judge abused his discretion in not allowing the defendant to plead at the trial term. Some of the decisions rendered by the Supreme Court on this question have been rather strict; notably the holding in *Deering Harvester Co.* v. *Thompson,* 116 *Ga.* 419 (42 S. E. 772). In our opinion some of these cases, and especially the one just cited, are too strict, and are not con-

sonant with the spirit of the law or the highest dictates of truth and justice. We have no power to overrule these precedents; we will follow them when they are directly in point, but we will not extend them. *Judgment reversed.* ·