## 6537. COKER & SON *v.* LIPSCOMB, trustee.

1. A defendant has the right, at any time within thirty days after a case has been marked "in default," to open the default and file his defense, provided he also within the thirty days pays all the accrued costs. Civil Code (1910), § 5654. Under this section of the code the defendant must exercise his right to open the default, not only within thirty days after the entry of such "default," but also before the beginning of the trial term, even if such term begins before the thirty days have expired. *Ingalls* v. *Lamar*, 115 *Ga.* 296 (1), 298 (41 S. E. 573).

2. At the trial term the judge, in his discretion, upon payment of costs by the defendant, may allow the default to be opened for providential cause, or for excusable neglect, or where the judge, from all the facts, shall determine that a proper case has been made for the default to be opened, on terms to be fixed by the court; provided that the showing shall be made under oath, shall set up a meritorious defense, shall offer to plead instanter, and announce ready to proceed with the trial. Civil Code, § 5656. The defendants not having complied with the mandatory provisions of this section of the code, the court did not err in striking their plea and rendering final judgment for the plaintiff.

3. It appearing from the record that the writ of error in this case was prosecuted for delay only, this court will grant the motion of the defendant in error and award to him the statutory penalty of ten per cent. damages.

DECIDED JANUARY 20, 1916.

Complaint; from city court of Floyd county—Judge Reece. March 18, 1915.

*M. B. Eubanks,* for plaintiffs in error.

*Lipscomb & Willingham, Nathan Harris,* contra.

BROYLES, J.   Suit was brought to the June term, 1914, of the city court of Floyd county by T. W. Lipscomb, as trustee in bankruptcy, against W. H. Coker & Son, a firm composed of W. H. Coker and W. G. Coker.   The appearance docket for the June term was called on August 3, 1914, and the case was regularly marked "in default."   On September 1, 1914, the defendant made the following motion to open the default: "The defendants W. H. Coker & Son within thirty days from the day of entry of default in the above-stated case move the court to open the same with leave to plead at once.   This first day of September, 1914.   M. B. Eubanks, defendants' attorney."   The trial judge thereupon passed the following order:   "Considering the foregoing motion, the same is granted and the said default opened, vacated, and set aside, and the defendants allowed to file plea at once upon defendants paying costs required by law.   This first day of September, 1914."   The record shows the following receipt from the clerk of the court: "Received $8.75 as shown above.   Open default.   September 12, 1914.   D. W. Simmons, clerk."   The record shows that the defendants did not comply with the above order of the court in opening the default in the case, for they did not pay the costs, or file their plea, until September 12, 1914, more than thirty days after the entry of default, and after the June term of the court had ended and the September term had begun.   The defendants' plea was marked "filed" on September 12, 1914, by the clerk of the court.   Upon motion of the plaintiff the court struck the plea from the files, on the ground that no authority existed for the filing of the same. This action of the court was clearly correct.   Under the provisional order of the court, allowing the default to be opened, granted on September 1, 1914, the defendants, upon paying the accrued costs, had the right to then file their plea; but this right was lost after the expiration of the thirty days from the entry of default, and after the new term of court had begun; and subsequently the court could only open the default upon a showing of facts which would justify such opening at the trial term, according to the provisions of section 5656 of the Civil Code; and, the defendants not having complied with the mandatory provisions of that section, the court properly struck the plea.

The plea stricken was made by "defendants W. H. Coker and W. G. Coker," and the fact that, in striking this plea, the plea of W. G. Coker (one of the defendants who had never been served) was necessarily stricken affords him no ground of complaint, as no judgment against him individually was rendered, the judgment being only against the parties served, to wit, W. H. Coker & Son and W. H. Coker individually.

The court did not err in striking the answer and rendering judgment for the plaintiff. *Judgment affirmed, with damages.*