### 9096.　SMITH *v.* MERCHANTS AND FARMERS BANK.

1. The entry of dismissal, as made on the docket by the trial judge, not having been challenged by a direct proceeding for the purpose of vacating it, must be taken as conclusive proof of dismissal of the suit to which it refers.

2. A subsequent suit for the same cause of action could not be maintained without payment of costs of the dismissed suit, or without an affidavit in forma pauperis in lieu thereof, before commencing the second suit.

DECIDED JULY 12, 1918.

Complaint; from city court of Thomasville—Judge W. H. Hammond. July 14, 1917.

*Clifford E. Hay,* for plaintiff in error.

*Titus, Dekle & Hopkins,* contra.

JENKINS, J. On October 24, 1916, the plaintiff bank sued out an attachment in the city court of Thomasville against the de-

fendant Smith, which was levied and returned. Subsequently the plaintiff duly filed its declaration therein, setting up its claim upon a certain promissory note. To that proceeding the defendant made his appearance, entering a traverse to the grounds of attachment and filing an answer to the declaration. On January 10, 1917, the plaintiff brought the present suit against the defendant on the same note. To this action the defendant filed a plea in abatement, setting up the former proceeding, and alleging, first, the dismissal of that proceeding and the commencing of the second without payment of the costs of the former proceeding, and without an affidavit made in lieu thereof; and, second, that if the attachment suit should for any reason be treated as yet pending, the present suit should abate on the ground that the pendency of the former suit is a good defense to the latter when commenced at a different time. On the trial of these pleas the plaintiff introduced the trial docket of the court, on which appeared, in the handwriting of the judge, opposite the entry of the attachment case, the following entry: "December term, 1916. Declaration filed, answer filed. Case dismissed by plff. without prejudice." No direct proceeding to attack the truth of this entry was instituted, but evidence aliunde was introduced on behalf of both plaintiff and defendant for the purpose of showing, that the attachment suit was not, or was in fact, dismissed. It appeared that the costs of the former proceeding were not paid, and that no affidavit in forma pauperis had been filed in lieu of such payment, before commencing the present suit. The trial judge directed a verdict against the plea in abatement, and a verdict for the plaintiff on the note.

1. The dockets, minutes, and records of a court of record must be kept so as to represent the true state of its business, and from them the court, without the aid of a jury, must be able to ascertain what cases are pending, and what are not pending. "Trial by inspection, not by jury, is the method appointed by law for the solution of such a question." *Armstrong* v. *Lewis, 61 Ga.* 680. If they fail to speak the truth in respect to the pendency or the disposition of any case, the court, in a direct proceeding for that purpose, may, on sufficient evidence aliunde, have them corrected; but they can not be attacked collaterally for alleged errors or deficiencies. The entry of dismissal as made upon the docket by the trial judge not having been challenged by a direct

proceeding for the purpose of vacating the entry, it must be taken as conclusive proof of the prior dismissal of the attachment suit. *Thornton* v. *Perry,* 101 *Ga.* 608, 614 (29 S. E. 24).

2. The previous action by attachment, against both the property and the person, having been dismissed, a subsequent suit in the same cause can not be maintained, until the cost in the former proceeding is paid or pauper's affidavit made in lieu thereof. Civil Code (1910), § 5625.

*Judgment reversed. Wade, C. J., and Luke, J., concur.*