## 10201, 10202. SOUTHERN EXPRESS COMPANY v. CHERO-COLA BOTTLING COMPANY; and *vice versa.*

1. Alleged error of the judge in erasing at the appearance term a docket entry of default and substituting an entry of "plea filed" was not a sufficient ground for a motion at a subsequent term to strike the defendant's plea. A plaintiff's remedy for such error is either to except to the striking of the first entry or to file a direct proceeding to vacate or reform the second entry.
2. The court erred in admitting in evidence, over the objections of the defendant, the two letters set forth in the bill of exceptions.
3. With these letters eliminated, the evidence did not demand a finding for the plaintiff, and the court erred in directing a verdict for that party.

    DECIDED SEPTEMBER 19, 1919.  REHEARING DENIED OCTOBER 1, 1919.

        (Certiorari granted by the Supreme Court.)

Action for damages; from city court of Carrollton—Judge Beall. September 13, 1918.

The Chero-Cola Bottling Company sued the Southern Express Company for $141 because of damage to certain "Seldon Car" engine cylinders which the plaintiff alleged were delivered to the

express company by the Southern Auto & Equipment Company for shipment and shipped to Horton's Garage, Carrollton, Georgia, and were damaged while in the defendant's possession. The defendant in its plea denied the material allegations of the plaintiff's petition. The action was brought to the March term, 1918, of the city court of Carrollton, and the defendant's plea was filed at that term, after an entry of default had been made and erased by the judge. The plaintiff filed at the next term of the court (June 5, 1918) a motion to strike the plea, on the ground that the entry of default was a final judgment and could not be set aside and marked out in the manner stated and a plea filed thereafter. When the case came up for trial the judge heard evidence on the motion to strike the plea, and overruled the motion; and in exceptions pendente lite and in a cross-bill of exceptions the plaintiff assigns error on this ruling. On the trial the judge, at the conclusion of the evidence, directed a verdict in favor of the plaintiff, for the amount sued for. The defendant brought the case to this court on exceptions to that judgment and to the admission of certain letters and other testimony.

The evidence at the trial consisted of testimony of R. A. Jolley, "manager and owner of the plaintiff company," testimony of W. M. Meadors, who stated that he was "the local agent for the Southern Express Company," a notice of the plaintiff's claim, dated December 24, 1917, and the two letters referred to in the decision, one dated February 27, 1918, addressed "Mr. R. H. May," to which no signature appears, and the other dated March 7, 1918, addressed "Claim Agent Rankin," and signed "R. H. May, D. General Agent." Nothing further as to May or Rankin is disclosed by the evidence as set out in the bill of exceptions, but the judge, at the close of his certificate to the bill of exceptions, said: "The letter referred to on page 3 hereof and the way-bill on page 4 both show that R. H. May was Gen. Agt. of Dft. Co." The notice of claim addressed to the express company and signed by the plaintiff's attorney referred to the express company's "way-bill 479 shipped from Atlanta, Ga., by the Southern Auto & Equipment Company to Horton's Garage" on October 1, 1917. The letter addressed to May was as follows: "Feb. 27, 1918. Mr. R. H. May: Shipper states that shipment left them in good condition. Copy receipt

attached. Original receipt $100.00 valuation, and this marked over to $150.00." The letter to Rankin was as follows:

"Atlanta, Ga., March 7, 1918.

"Shipment: Horton's Garage, Carrollton, Ga., from Southern Auto and Equipment Company, Atlanta, Ga., W/B 479, Oct. 1, 1917.

"*On Way Bill Personal.*

"Claim Agent Rankin.

"Attached is copy of receipt showing that this shipment was signed for under a declared valuation in the amount of $158.00. Upon conferring with the Southern Auto & Equipment Company to-day, I am informed that the cylinder blocks were sent to them to be rebored and oversized pistons to be put in. After this work was done the shipment was repacked and returned in good condition. From what I can learn the shipment after it was repaired was practically as good as new, and was worth something like $150.00.

"R. H. May, D. General Agent."

The letters were produced by the defendant in response to notice from the plaintiff. Before their introduction Jolley testified: "I am manager and owner of the plaintiff company. I received some cylinders belonging to the Seldon car of plaintiff; they were shipped to Horton's Garage from the Southern Auto & Equipment Company, of Atlanta, Ga. They were delivered to me by the defendant company broken, and absolutely worthless except for junk. They were of the value of $141.25. . . They have not paid me for the cylinders. The papers that the defendant has here were sent here to Mr. Meadors; he came to talk the matter over with me. . . He had the file of letters in there from the defendant company; that they had received the claim, had taken the matter up in Atlanta, investigated it with the Southern Auto & Equipment Company, that the cylinders were delivered to the Southern Express Company in good order." The defendant objected to the testimony as to what was said by Meadors, on the ground that it was hearsay, and was not relevant and binding as admissions against the defendant; that the evidence did not disclose that Meadors was an agent of the defendant, or, if it did, that he was "such an agent as his admission would amount to an admission by the defendant." The letter to May was then introduced by the plaintiff over the defendant's objection that it was

not shown what the subject-matter of the letter was, or by whom it was written, or who R. H. May was, and that it was inadmissible because it undertook to show the statement of the shipper and was merely hearsay. The letter signed "R. H. May, D. General Agent," was introduced by the plaintiff, over objections to the same effect as those made to the other letter and to Jolley's testimony. Jolley then testified further as to the condition of the cylinders. Meadors testified for the defendant that he was its local agent and received "this shipment" and delivered it to Mr. Jolley; that it was crated in a plank crate, the planks of which were about as far apart as his hand, that there was no evidence of the crate having had a fall, that he "did not notice this abrasion when it came," and that he made "an O. K. delivery," and it was accepted without exception.

The certiorari granted by the Supreme Court to review the decision of the Court of Appeals in this case was applied for by the plaintiff, on the ground that the case was controlled by the decision in the case of *Albany Pine Products Co.* v. *Hercules Manufacturing Co.*, 123 *Ga.* 270, and that the decision in this case did not conform to the ruling in that case.

*Robert C. & Philip H. Alston, S. Holderness,* for Southern Express Company. *Boykin & Boykin,* contra.

STEPHENS, J. Upon the call of the appearance docket an entry was made thereon by the trial judge, "In default April 27, 1918." Later in the day a plea was filed, the attorney for the plaintiff notified thereof, and the entry of "in default" erased by the trial judge, and an entry made by him, "Plea filed April 27th, 1918." Entries made by the judge on the docket are a part of the proceedings in the case. *Brady* v. *Little,* 21 *Ga.* 132 (4), 135 (4). At the trial term a motion was made to strike the plea because at the time it was filed the case was in default and the judge had erred in striking the entry "in default" and marking "plea filed." While sections 5654 and 5656 of the Civil Code of 1910 provide a way in which defaults may be opened, yet where the method provided by these sections is not followed and the default is set aside and a new entry made, what is the remedy of the plaintiff? He must either except to the erroneous striking of the first entry, or he must file a direct proceeding to "vacate or reform" the second entry. To the judgment erasing "in default" there was no excep-

tion. The motion to strike the plea was not a "direct proceeding to vacate or reform" the entry of "plea filed." "Entries appropriately made upon the dockets of the superior courts during the pendency of causes, by judges presiding therein, are presumed to represent truthfully the incidents occurring in the course of litigation; and so long as such entries stand unchallenged by direct proceedings to vacate or reform them, they are not open to collateral explanation or attack." *Thornton* v. *Perry*, 101 *Ga.* 608 (29 S. E. 24); *Albany Pine Products Co.* v. *Hercules Mfg. Co.*, 123 *Ga.* 270 (51 S. E. 297); *Saffold* v. *Banks*, 69 *Ga.* 290 (5-a); *Smith* v. *Merchants &c. Bank*, 22 *Ga. App.* 505 (96 S. E. 342). The practice in the city court of Carrollton is the same as in the superior courts of this State. Ga. L. 1897, p. 438, §§ 13, 17. The only entry on the docket at the trial term being that of "plea filed," and there being no direct proceedings to vacate or reform this entry, the judge properly refused to strike the plea. In addition it will be noticed that both entries above discussed were made on the same day, and our Supreme Court has said: "At all events a case is not in default unless so entered on the docket by the judge; and where the entry is marked off or defaced by the judge on the day the appearance docket is called, such marred entry should not have the effect of an 'in default' judgment. The presumption is that the case was not in default, but that the entry was heedlessly made by the judge through mistake, and that he disfigured the entry with his pen in order to correct his mistake." *Albany Pine Products Co.* v. *Hercules Mfg. Co.*, supra.

2. The court erred in admitting, over the defendant's objections, the two letters set forth in the bill of exceptions.

3. The evidence, with the letters above eliminated, did not demand a finding for the plaintiff, and the court erred in directing a verdict for that party.

*Judgment on the main bill of exceptions reversed; on the cross-bill affirmed. Bloodworth, J., concurs. Broyles, P. J., dissents.*

BROYLES, P. J., dissenting. At the trial term, upon the hearing of the motion to strike the defendant's plea from the files of the court, the undisputed evidence, which was admitted without objection, showed the following facts: The case was returnable to the March term, 1918, of the city court of Carrollton. When

13

the case was called, on the day which had been previously fixed for the call of the appearance docket for that term, no plea had been filed by the defendant, and the clerk of the court so announced to the presiding judge. The judge thereupon made the following entry on the docket of the court, to wit: "In default April 27, 1918." On the same day, but subsequently to the entering of the default judgment and the closing of the docket, the defendant was allowed by the court to file a plea, and the court thereupon scratched out the words "in default," upon the docket, and marked thereon, "Plea filed April 27, 1918." While it was not shown in so many words, the undisputed evidence clearly demanded the inference that in opening the default there was no attempt to comply with the provisions of sections 5654 and 5656 of the Civil Code of 1910. In my opinion the court errcd in overruling the motion to strike the plea. See, in this connection, *Albany Pine Products Co.* v. *Hercules Mfg. Co.,* 123 *Ga.* 270 (51 S. E. 297); *Coker* v. *Lipscomb,* 17 *Ga. App.* 506 (87 S. E. 704); *Longalife Paint Co.* v. *Williams,* 20 *Ga. App.* 524 (93 S. E. 154). Park's Ann. Code, §§ 5653, 5654, 5655, 5656, 5661. Under the facts stated above I do not think that this view of the case is contrary to the rule laid down in *Saffold* v. *Banks, Thornton* v. *Perry,* and *Smith* v. *Merchants &c. Bank* (cited in the majority opinion), to the effect that entries made by the trial judge upon the docket can not be challenged except by a direct proceeding to vacate or reform them. While the motion in the instant case, to strike the defendant's plea from the files of the court, may not have constituted, in a narrow and technical sense, a direct proceeding to vacate or reform the entry upon the court's docket, it amounted in substance and effect to the same thing. In *Albany Pine Products Co.* v. *Hercules Mfg. Co.,* supra, as in the instant case, the motion was to strike the defendant's plea, and the facts there were almost identical with those here, *except that the evidence in that case did not affirmatively show that the plea was not filed before the entry of default was entered upon the docket,* while in this case that controlling fact *was affirmatively shown by the undisputed evidence.* In that case the headnote is as follows: "Where it appears that an entry was made by the judge on the docket of 'in default,' and it also appears that on the same day the judge defaced the entry by passing his pen through it, *in the absence of proof to the con-*

*trary* such mutilated entry will be treated as the correction of an inadvertence, and not as an 'in default' judgment" (italics mine). From this headnote and the opinion in that case it clearly appears that if the evidence had affirmatively shown that the plea was not filed until after the judgment of default had been entered on the docket, the "mutilated entry" of "in default" would have been held to be an "in default judgment," and would not have been "treated as the correction of an inadvertence."

The refusal of the court to grant the motion to strike the defendant's plea deprived the plaintiff of a substantial right, and rendered the further proceedings in the case nugatory. In my opinion the judgment on the cross-bill of exceptions should be reversed, and the main bill of exceptions dismissed.