# CHERO-COLA BOTTLING COMPANY *v.*
# SOUTHERN EXPRESS COMPANY.

1. The act of 1895 (Acts 1895, p. 45; Civil Code of 1910, §§ 5653 et seq.), relating to the entry of default judgments and providing the method by which such judgments may be opened, is not to be construed as depriving courts of the inherent power to change or modify their judgments or orders during the term.
2. Though no defense is filed by the defendant, and on the call of the appearance docket an entry of "in default" is made by the judge, it is within the legal discretion of the judge, during the same day and before the adjournment of the term, to allow the defendant to plead.

No. 1692. SEPTEMBER 16, 1920.

Certiorari; from Court of Appeals. 24 *Ga. App.* 189.

The Chero-Cola Bottling Company brought suit in the city court of Carrollton against the Southern Express Company, for damages. The process was returnable to the March term, 1918, and was duly served upon the defendant. At the trial term the plaintiff filed a motion in writing to strike the defendant's plea, upon the following ground: That at 10 o'clock a. m. on April 27, 1918, the time previously fixed by the court, the appearance docket for the March term, 1918, of the city court of Carrollton was called. When the case of Chero-Cola Bottling Company *v.* Southern Express Company was called, the clerk announced to the court that no plea had been filed by the defendant. Thereupon the judge of the city court of Carrollton entered a judgment upon his docket as follows: "In default, April 27th, 1918," which judgment was signed by the judge of the court. The call of the appearance docket was completed and the docket closed. Later, during the day of April 27, 1918, counsel for the defendant lodged in the office of the clerk of the city court of Carrollton a plea and answer to the suit, and on the same day the judge erased the words "in default," and in lieu thereof made the following entry upon the docket: "Plea entered, April 27, 1918." Upon the hearing of the motion to strike the plea Mr. B. F. Boykin, of Boykin & Boykin, counsel for the plaintiff, testified, that at ten o'clock on the 27th day of April, 1918, the hour and day previously fixed by the judge for the call of the appearance docket for the March term, 1918, of the city court of Carrollton, the appearance docket was called and the case of Chero-Cola Bottling Company *v.* Southern Express Company sounded by the judge, and upon the state-

ment of the clerk that no plea had been filed the entry first above recited was made and signed by the judge; that he remained in court until the call of the docket had been completed, and that no plea was filed by the defendant; that on the afternoon of April 27, 1918, the deputy clerk advised him that counsel for the defendant had filed a plea in his office and had asked the deputy clerk to bring the same to the attention of the judge. Mr. Tom Robinson, deputy clerk of the city court of Carrollton, testified that on the call of the appearance docket on April 27, 1918, the case was marked in default by the judge and the docket closed. He did not know whether the court had granted counsel for the defendant a leave of absence. Later in the day counsel for the defendant presented a plea, and the judge erased the words "in default," on the docket and marked "plea filed." Mr. S. Holderness, of counsel for the defendant, stated in his place that he did not know that the appearance docket would be called on April 27, 1918, and was not present at the call of the docket, but that during the same day he requested the court to mark the plea filed. Upon this evidence the court overruled the motion to strike the defendant's plea. The trial of the case resulted in a verdict for the plaintiff, and the defendant's motion for new trial was overruled, and it excepted. The plaintiff filed a cross-bill of exceptions in which error was assigned upon the judgment overruling the motion to strike the defendant's plea. Upon review the Court of Appeals reversed the judgment on the main bill of exceptions, and affirmed the judgment on the cross-bill of exceptions. The case is in this court on certiorari from the judgment of the Court of Appeals affirming the judgment complained of in the cross-bill of exceptions.

Boykin & Boykin, for plaintiff.

S. Holderness and Robert C. & Philip H. Alston, for defendant.

GEORGE, J. (After stating the foregoing facts.) The practice in the city court of Carrollton is the same as in the superior courts of this State. Acts 1897, p. 438, §§ 13, 17. Section 5653 of the Civil Code of 1910 (Acts 1895, p. 45) provides that "In all cases the judge at each term shall call the appearance docket upon some day previously fixed, or on the last day of the term, and upon such call all cases in which the defendant has not filed

a demurrer, plea, answer, or other defense shall be marked 'In default.' " Sections 5654 and 5656 of the Civil Code of 1910, codified from the act of 1895, supra, provide the method by which default judgments may be opened. There was in this case no attempt to follow the statutory method. The entry "In default" was made on April 27, 1918, at the March term of the city court of Carrollton. On the same day this entry was erased and the entry of "plea filed" was made by the judge. There was no exception taken to the erasing of the default entry. Under the decisions of this court it was necessary "to file a direct proceeding to vacate or reform" the second entry made in this case. See *Thornton* v. *Perry,* 101 *Ga.* 608 (29 S. E. 24) ; *Saffold* v. *Banks,* 69 *Ga.* 290 (5-*a*). The motion to strike the defendant's plea from the files of the court is not technically a direct proceeding to vacate or reform the entry upon the court's docket. In *Albany Pine Products Co.* v. *Hercules Manufacturing Co.,* 123 *Ga.* 271 (51 S. E. 297), this court passed upon the merits of the motion to strike the defendant's plea, and, inferentially at least, treated the motion as in substance one to vacate or reform the docket entry of plea filed, as will appear from the decision in that case. At any rate, we do not rest our decision in this case on the ground that the question which the plaintiff in error seeks to make is not properly made.

In the case of *Albany Pine Products Co.* v. *Hercules Manufacturing Co.,* supra, it was said that "a default can not be opened except in the way prescribed by the statute. Civil Code, §§ 5070-5072 [Civil Code 1910, §§ 5654-5656]." The ruling in that case was that "where it appears that an entry was made by the judge on the docket of 'in default,' and it also appears that on the same day the judge defaced the entry by passing his pen through it, in the absence of proof to the contrary such mutilated entry will be treated as the correction of an inadvertence, and not as an 'in default' judgment." The evidence in support of the motion to strike the plea in that case was as follows: "The May term, 1904, of said court [city court of Albany] convened at about nine o'clock a. m. on the 9th day of May, 1904, and was in session for only about two hours, during which time the appearance docket was called, his honor Richard Hobbs, now deceased, then judge of said court, presiding; and at about eleven o'clock a. m.

of the same day the court took a recess to the 23d day of May, 1904; . . that during the afternoon of said day, May 9th, 1904, [the deputy clerk] was handed the plea in said case, with the following order, in the handwriting of the then judge of said court, at the bottom of the same: ' Ordered filed May 9th, 1904, Richard Hobbs, Judge C. C. A.,' which [the deputy clerk] filed in office on said 9th day of May, 1904." In that case the docket showed the case first to have been marked " In default, May term, 1904." The words, " In default," were stricken and the words, " Plea filed, May term, 1904," written on the docket, in the handwriting of the judge of the court; but it did not affirmatively appear when the entries were made by the judge upon the docket. In the instant case it does affirmatively appear that the " In default " judgment was entered on the call of the appearance docket in the forenoon of April 27, 1918. It also appears that this entry was erased later during the same day and the second entry made. The presumption that the plea had in fact been filed when the first entry was made can not be indulged, in view of the evidence in the record. In fact the contrary appears. The question, therefore, is whether the first entry became the judgment of the court; that is to say, whether the default judgment entered by the court from and after the entry of the same upon the docket by the judge became the judgment of the court, so that it could not be opened during the term except in the way prescribed by statute. It must be noted that the term had not adjourned. The general rule is that until final adjournment of the term at which a judgment of the court has been entered, the court has such control thereof that he may, for any legal reason, set the same aside. Did the act of 1895, codified in sections 5653 et seq., abolish the rule? In *Deering Harvester Co.* v. *Thompson*, 116 *Ga.* 418 (42 S. E. 772), it was held (five Justices participating) that the judge of the superior court had no authority, by order in term to which the plaintiff did not consent, to allow the defendant until a date after the adjournment of the appearance term within which to file an answer. This case has not been expressly overruled. In *Gordon* v. *Hudson*, 120 *Ga.* 698 (48 S. E. 131)—six Justices concurring,—it was held that " where a plea and a demurrer have been filed after the expiration of the time allowed by law, but the case has never been marked ' in default,' it is error, on the call of the

case for a hearing, to dismiss the plea and demurrer because not filed in time." In that case it appeared that by general order passed in term all parties were allowed sixty days from the date of the order to file answers, demurrers, and pleas required by law to be filed at the appearance term. The docket was not called, and no default entries were made. In the opinion (by Candler, J.) the ruling in *Deering Harvester Co.* v. *Thompson,* supra, was criticised, and it was there said that anything in that case "contrary to what is now held is not binding as authority, for the reason that the case cited was decided by only five Justices, while the present case is based on an earlier decision rendered by a full bench of six Justices." *Davis* v. *S. C. R. Co.,* 107 *Ga.* 420 (33 S. E. 437), was cited. In *Miller* v. *Jones,* 136 *Ga.* 428 (71 S. E. 910) — all the Justices concurring,— it was held that "upon the call of the appearance docket the judge may in his discretion allow counsel for the defendant a reasonable time thereafter, and during the term, to demur and answer." In the opinion (by Fish, C. J.) it is pointed out that in *Deering Harvester Co.* v. *Thompson,* supra, the order allowed the defendant until a day after the adjournment of the appearance term within which to file an answer. The case of *Glass* v. *Allen,* 141 *Ga.* 30 (80 S. E. 284), follows the ruling in *Gordon* v. *Hudson,* supra. See also *Price* v. *Hamilton,* 146 *Ga.* 705 (92 S. E. 62). The statement in the opinion in the *Albany Pine Products Co.* case that a default judgment can not be opened after the adjournment of the term, except in the way directed by statute, must be understood as referring to a default judgment which has been duly entered, or, if inadvertently entered, which has not been corrected by the court during the term. It was not the intention and purpose of the act of 1895 to limit the inherent power of the court over its judgments during the term. That power still exists; and while the court can not arbitrarily exercise it, as by a refusal to enter a default judgment where no plea, demurrer, or other defense has been filed, or as by vacating a default judgment duly entered, without sufficient legal reasons for so doing, the inherent power of the court to change or modify its judgments during the term is not taken away by the act of 1895. In the instant case it does not appear what reasons prompted the judge in erasing his first entry and making the second entry. The court may have granted

counsel for the defendant leave of absence until the afternoon of April 27, or, in the exercise of his discretion, may have given counsel until a later day during the term within which to answer. It must be presumed that the court acted upon reasons that were at least satisfactory and sufficient. The contrary not appearing, we are of the opinion that the judgment of the Court of Appeals on the assignment of error in the cross-bill of exceptions, which alone is complained of in the petition for certiorari, was correct.　　　　*Judgment affirmed.　　All the Justices concur.*