23449. McCray *v.* Empire Investment Company.

Sutton, J. On January 23, 1932, McCray signed and delivered to the Empire Investment Company a writing in the following terms: "The allegations of the above and foregoing petition admitted, judgment confessed in favor of the plaintiff in the sum of $18.00. I, by this writing, hereby waive process, copy process, time and term of filing, and all further service notices are hereby waived as to this. I expressly admit the jurisdiction of the court." Said company caused said writing to be issued in the form of a suit and filed in the municipal court of Macon. There was no appearance for the defendant therein, and judgment by default was rendered in favor of said company. McCray filed in said court his petition to set aside said judgment, on the ground that it was void. On motion by said company this proceeding was dismissed. Mc-Cray sued out certiorari, the superior court overruled the certiorari, and to this judgment McCray excepted. *Held:*

1. At any time within thirty days after the entry of "default," the defendant, on payment of all costs which have accrued, shall be allowed to open the default and file his defense by demurrer, plea, or answer. Civil Code (1910), § 5654. The right given to the defendant under this section is not dependent upon the discretion of the judge. *Hill* v. *Cox,* 151 *Ga.* 599, 601 (107 S. E. 850). Under this section, the defendant must exercise his right not only within thirty days after the entry of such default, but also before the beginning of the trial term, even if such term begins before the thirty days have expired. *Coker* v. *Lipscomb,* 17 *Ga. App.* 506 (87 S. E. 704). At the trial term the judge in his discretion, on payment of costs, may allow the default to be opened for providential cause preventing the filing of a plea, or for excusable neglect, or where the judge, from all the facts, shall determine that a proper case has been made for the default to be opened, on terms to be fixed by the court. In order to allow the default to be thus opened, the showing shall be made under oath, shall set up a meritorious defense, shall offer to plead instanter and announce ready to proceed with the trial. Civil Code (1910), § 5656. If the judgment is absolutely void, the application to open the default need not show that the defendant has a meritorious defense. *Pryor* v. *American Trust &c. Co.,* 15 *Ga. App.* 822 (84 S. E. 312). Sections 5654 and 5656 of the Code prescribe the only mode of opening a default. *Albany Pine Products Co.* v. *Hercules Mfg. Co.,* 123 *Ga.* 270 (51 S. E. 297).

2. The terms of the municipal court of Macon begin on the third Monday in each month. Suits must be filed in the clerk's office fifteen days be-

fore the return day. Ga. L. 1913, p. 258. This suit was filed on March 5, 1932, returnable to the March term, 1932, of said court. A default judgment was entered on March 24, 1932. The March term, 1932, expired by operation of law on the third Monday in April, 1932. On April 23, 1932, five days after the adjournment of the March term of said court, the defendant filed his petition to set aside said default judgment, on the ground that it was void in that no judgment could be rendered which was based on a confession of judgment obtained before any suit was filed or pending against him. He was not proceeding under section 5654 of the Code, but directed his petition to set aside the judgment of default in conformity to section 5656. This section hinges upon the discretion of the judge; and unless that discretion is manifestly abused, it will not be disturbed. *Tedcastle* v. *Brewer*, 19 *Ga. App.* 650 (91 S. E. 1051).

3. In the case at bar there was no attempt to make the confession the judgment of the court; but when the case was in default, a default judgment was entered up upon the acknowledgment and waiver of process and service. The confession itself amounts to no more than an admission of indebtedness and waiver of service and process, and an agreement that judgment can be rendered when it can properly be rendered. In these circumstances the trial judge did not abuse his discretion in refusing to vacate the default judgment at the trial term; and it follows that the judge of the superior court did not err in overruling plaintiff's petition for certiorari.

*Judgment affirmed.* *Jenkins, P. J., and Stephens, J., concur.*

DECIDED APRIL 7, 1934.

*E. F. Goodrum,* for plaintiff in error.
*Bloodworth & Bloodworth,* contra.