EAST SIDE LUMBER & COAL COMPANY *v.* BARFIELD.

No. 13956. JANUARY 13, 1942.

276

*Durwood T. Pye,* for plaintiff in error.

*J. D. Wilson, W. O. Slate,* and *H. C. Denton,* contra.

REID, Chief Justice. Courts of record retain plenary control over orders and judgments during the term at which they are made, and, in the exercise of a sound discretion, may revise or vacate them. *Bowen* v. *Wyeth,* 119 *Ga.* 687 (46 S. E. 823); *Gaines* v. *Gaines,* 169 *Ga.* 432, 434 (150 S. E. 645). The principle applies to judgments of "in default." A defendant may, as a matter of right, open the default at the appearance term, by paying the accrued costs and filing his defense, provided he does so within thirty days after the entry of "in default" (Code § 110-402), and the judge may, in his discretion, allow the default to be opened at the trial term, upon payment of costs, for providential cause, or excusable neglect, or when he shall determine that a proper case for opening the default has been made, provided the defendant shall set up a meritorious defense, offer to plead instanter, and announce ready for trial. § 110-404. But neither the statute which confers upon the defendant the privilege to open the default, nor that which confers upon the court jurisdiction to allow the de-

fault to be opened, impairs the plenary control of the court over orders and judgments during the term at which they are rendered. This inherent power of the court extends to all orders and judgments save those which are founded upon verdicts. It extends to a judgment of in default. *Chero-Cola Bottling Co.* v. *Southern Express Co.*, 150 *Ga.* 430 (104 S. E. 233). The court was authorized, in its discretion, and upon its own motion, to vacate the entry of default at the appearance term. No exception was taken to the action of the court, but at the next term the court sustained a motion of the plaintiff to vacate the previous judgment setting aside the default, and again adjudged the defendant to be in default. The motion was upon the ground that the court's action was taken ex parte and without application of the defendant. The court's order recites that the previous judgment was entered of the court's own motion, but under the mistaken opinion that the plaintiff did not object. Neither suggests that there was on the part of the defendant or its counsel any improper conduct inducing the previous action. The motion to vacate presented to the judge at the trial term wholly failed to meet the requirements of a proceeding to set aside a judgment. It was not addressed to some unamendable defect appearing on the face of the record, as is required of a motion in arrest of judgment and of a statutory motion to set aside (Code, §§ 110-702, 110-703, *Artope* v. *Barker*, 74 *Ga.* 462, 465; *Regopoulas* v. *State*, 116 *Ga.* 596, 42 S. E. 1014) ; nor was it founded upon a charge of perjury (§ 110-706), and did not seek relief against a judgment irregularly or improperly obtained. *Union Compress Co.* v. *Leffler*, 122 *Ga.* 640, 642 (50 S. E. 483) ; *Grogan* v. *Deraney*, 38 *Ga. App.* 287, 289 (143 S. E. 912). It was manifestly addressed to the sound discretion of the court, and invoked the exercise of that plenary control which we have said is inherent in the court during the term at which a judgment is entered. But the term had adjourned, and the next term had convened. During the appearance term the court had vacated the entry of default, and ordered that the pleadings of the defendant be filed. This action may have been erroneously taken, but it was not excepted to; and when the term adjourned and the next term began, the court's plenary control of the judgment ended. *McCandless* v. *Conley*, 115 *Ga.* 48 (41 S. E. 256) ; *Sims* v. *Georgia Railway & Electric Co.*, 123 *Ga.* 643 (51 S. E. 573) ; *Lanier*

278

v. *Byrd,* 115 *Ga.* 198 (41 S. E. 683); *Laughridge* v. *Dalton,* 166 *Ga.* 323 (143 S. E. 393); *Albany Phosphate Co.* v. *Hugger,* 4 *Ga. App.* 771, 779 (62 S. E. 533); *Read Phosphate Co.* v. *Wells,* 18 *Ga. App.* 656 (90 S. E. 358); *Horkan* v. *Beasley,* 11 *Ga. App.* 273, 276 (75 S. E. 341); and see *Crowell* v. *Crowell,* 191 *Ga.* 36 (11 S. E. 2d, 190).

It follows that at the December term the court was without power, either of its own motion, or upon the petition of the plaintiff addressed to the court's discretion, to review and set aside the judgment entered at the appearance term, whereby the defendant's pleading had been ordered filed. We do not mean to say that if the judgment vacating the default had been obtained by fraud or other improper means, the court would have been without power to entertain a direct proceeding to set it aside at a subsequent term. That question is not involved. We do hold that the court's plenary control of the judgment ended when the term adjourned and the next term began, that the judgment then ceased to be in the breast of the court, and that at a subsequent term it could not be vacated for the reason set forth by the plaintiff's motion, or that assigned by the court in its judgment. Our decision in *Southeastern Pipe-Line Co.* v. *Garrett,* 192 *Ga.* 817 (16 S. E. 2d, 753), does not require a contrary ruling. There we held that under the constitutional amendment of 1939 (Ga. L. 1939, pp. 78-79) the judge was empowered, for sufficient cause and on proper pleading, during a vacation period, to vacate and set aside any order or judgment which he was theretofore authorized by law to render in vacation, and which had actually been rendered during the same vacation period. There no succeeding term of court had intervened. Here the court's order was entered at one term, and vacated at another.

■ There was no ruling by the court upon the demurrer filed by the defendant, but at the trial the defendant orally moved to dismiss upon the ground that the petition failed to state a cause of action. Whether a defendant who is in default, and against whom all the averments of the plaintiff's petition save the amount of unliquidated damages are to be taken as admitted, may nevertheless challenge the sufficiency of the petition by a motion to dismiss in the nature of a general demurrer, and whether such a motion will lie only where the petition is so fatally defective as that

any judgment entered thereon in favor of the plaintiff must necessarily be arrested on motion, need not now be determined. See *O'Connor* v. *Brucker,* 117 *Ga.* 451 (43 S. E. 731). Since the defendant was not in default, its motion to dismiss was properly before the court.

■ The gravamen of the plaintiff's complaint is that because the "second compliance inspection" was not made, he was not able to obtain the loan of $3400 which had been approved, but could only obtain a loan of $2800. He charges that this was due to the "negligence and fault" of the defendant in failing to obtain the inspection, and upon this premise he seeks a recovery. Just how the inability of the plaintiff to become indebted to some one other than the defendant in an amount sufficient to discharge the defendant's debt could result in actionable damages of a substantial nature is not readily apparent. But that question need not be decided. It is, of course, axiomatic that a cause of action can never arise in favor of one person as against another, unless there has been a breach of some duty owing to the one by the other. A cause of action has been said to consist "of the right belonging to the plaintiff, and some wrongful act or omission done by the defendant by which that right has been violated." *Rowland* v. *Kell,* 27 *Ga. App.* 107, 110 (107 S. E. 602). Unless the contract between the parties, by its express terms, or by its necessary implications, imposed upon the defendant some duty to cause the omitted inspection to be made, it is apparent that the fact that it was not made could not operate to give rise to a cause of action in favor of the plaintiff. Apparently the contract was not in writing; for no such writing was set forth by the petition or introduced in evidence. The plaintiff describes the contract as one "to complete the construction of the dwelling on an upset price of $3,300," and alleges that the building "was constructed by defendant in accordance with the plans and specifications previously agreed upon between petitioner and defendant." What more was required of the defendant? So far as the petition shows, the whole of its undertaking was to build the house in conformity with the plan agreed upon. That was done. It is alleged that three inspections are required by the Federal Housing Authority, and that the defendant knew of this requirement. But this alone could not be held to impose upon the defendant the obligation to procure the inspections or arrange for

them to be made. The application for the loan was made by the plaintiff, not the defendant; and if it required the inspections, as the petition indicates but does not allege, the burden of arranging them was upon the plaintiff and not upon the defendant. It is sufficiently alleged that the fact that the second inspection was not made resulted in the loan being refused, and that if the defendant had procured the inspections a different result would have followed; and it is charged that the "failure" of the defendant to obtain the inspections was "negligence and fault." But failure to do an act can not be actionable unless some legal or contractual obligation to do the act rests upon the one failing to perform. The petition failed to allege that the defendant contracted to procure the omitted inspection. Consequently it failed to charge any breach of duty on the part of the defendant. It was error to overrule the motion to dismiss. *Judgment reversed. All the Justices concur.*