Davis *v.* Wimberly.

1. On the trial of a suit by a partner against his copartner, brought after dissolution of the partnership, for money claimed to have been collected by the defendant and not accounted for, the defendant, though having filed no plea, was entitled to participate in the selection of a jury and to cross-examine any witnesses introduced by the plaintiff.
2. The declaration alleging only that there was a certain amount of indebtedness of the defendant to the plaintiff, that there had been a partnership between them which had been dissolved, and that the defendant refused to pay the plaintiff any part of said indebtedness, testimony by the plaintiff to prove the amount of the indebtedness to the firm, the amount of assets on hand at the time of the dissolution, that these assets went into his possession, that he paid the debts of the firm, and that the amount of them was more than the amount of the assets he received, was not admissible. This testimony having been properly ruled out, and there not being left sufficient evidence to authorize a finding for

the plaintiff, a nonsuit was the right result. But, the plaintiff's case being meritorious, leave is granted, on proper amendment to the declaration, to reinstate the action, with leave also to the defendant to plead.

October 15, 1890.

Nonsuit. Partnership. Pleadings. Practice. Evidence. Before Judge VAN EPPS. City court of Atlanta. March term, 1890.

Reported in the decision.

BLALOCK & BIRNEY, for plaintiff.

COX & REED, for defendant.

SIMMONS, Justice.

Davis sued Wimberly for $324.45, alleging that amount was due him by Wimberly; that they had been partners, and that the partnership was dissolved; and that Wimberly had this amount of money more than he was entitled to. Wimberly filed no plea. When the case was called, the court ordered counsel to strike a jury. Counsel for plaintiff objected to defendant participating in striking the jury, upon the ground that he had filed no plea and had no standing in court, which objection was overruled by the court. Plaintiff was introduced as a witness, and his counsel, having finished his examination, objected to his being cross-examined by the defendant, on the ground that, having filed no plea, he was not entitled to cross-examine his witnesses. This objection was overruled by the court, and these two rulings of the court constitute the first two assignments of error alleged in the bill of exceptions. The plaintiff having testified, among other things, as to the amount of debts owed by the firm at the time of dissolution and the value of the assets which had come into his hands, and as to the relative amounts of the debts and assets, and as to the payment of the debts by him, on motion of defendant's counsel the court ruled out said evidence, upon the

ground that the same was not covered by the pleadings, to which decision plaintiff excepted. After ruling this evidence out, the court, on motion of defendant's counsel, granted a nonsuit, and these rulings constitute the other errors assigned in the bill of exceptions.

· We think that although the defendant in this case had filed no pleas, he was entitled to participate in the selection of the jury to try the case brought against him, and to cross-examine any witnesses introduced by the plaintiff. While he could not introduce testimony in his own behalf, he had a right to stand by and see that the plaintiff made out such a case as would entitle him to recover. As was said by this court in the case of *Hayden* v. *Johnson*, 59 *Ga.* 106, "Default, according to the system of practice which has long prevailed in this State, is not equivalent to a confession of the plaintiff's cause of action. The defendant, while in default, may resist, passively, whatever is brought to attack him, but cannot make a counter-attack. Though not allowed to return the fire, he is not obliged to run, but may stand until he is shot down." In the case of *Durden* v. *Carhart*, 41 *Ga.* 81, this court said: "The only effect of a failure to plead, is the loss of the right to introduce evidence. But this neither relieves the plaintiff from the necessity of making out his case by proof, nor deprives the defendant of the right to object that the plaintiff has failed to meet this requirement." Counsel for the plaintiff in error relied upon the case of *Stephens* v. *Gate City Gas Co.*, 81 *Ga.* 150, to support his contention that the trial judge erred in allowing the defendant to strike a jury and to cross-examine plaintiff's witnesses. That case, upon this point, only ruled that where defendant had been sued upon an open account, and suit was served personally upon him and he failed to file any plea thereto, under section 3457 of the code, the case was considered in default and the plaintiff

permitted to take judgment as if each and every item were proved by the testimony; and that under this state of facts, the judge did not err in refusing to allow counsel for the defendant to address the jury, there being nothing for counsel to argue before the jury, the statute construing defendant's failure to file a plea as an admission of the correctness of the account. This not being a suit upon an open account, as the one in 81 *Ga.*, but one between partners, that case is not in point. The court was therefore right in allowing the defendant in this case to strike the jury and cross-examine plaintiff's witnesses.

The next two grounds of complaint are, that the court erred in ruling out the testimony of plaintiff mentioned above, and in granting a nonsuit. This was an action by one partner against the other for money which the plaintiff claims the defendant had collected and failed to account for to the firm. The only allegation in the declaration was indebtedness of the defendant to the plaintiff; that there had been a partnership between them, which had been dissolved; and that the defendant refused to pay to plaintiff any part of said indebtedness. The plaintiff testified as to these facts, and undertook to prove further the amount of the indebtedness of the firm, the amount of the assets on hand at the time of the dissolution, that these assets went into his possession, that he paid the debts of the firm, and that the amount of said debts was more than the amount of the assets which he received. We do not think these facts could be proved under the allegations in the declaration. In a case of this sort, where one partner is trying to collect money from the other, these facts should have been alleged in the declaration. It is different, in our opinion, from an ordinary suit of a creditor against a debtor. In a suit of the latter kind, where the statutory form is followed, the requirement

that the *allegata* and *probata* shall correspond is not so strict. This evidence being properly ruled out, there was not sufficient evidence left to authorize the jury to find for the plaintiff, and the court therefore did right in directing a nonsuit. We think, however, that the plaintiff has merit in his case, and we therefore direct that if he will amend his declaration properly, he be allowed, upon motion, to reinstate his case and have a trial upon the merits thereof, and that the defendant also have leave to file pleas in the case.

*Judgment affirmed, with direction.*