INGALLS *v.* LAMAR, trustee.

1. A defendant against whom default has been entered can not, as matter of right, upon payment of the costs, have the default opened during the trial term, although thirty days have not elapsed since the entry of default was made.

2. The failure of a defendant to appear and plead upon the call of the appearance docket, merely because of a misunderstanding between him and his counsel, is not such excusable neglect as will authorize the judge, in the exercise of the sound discretion vested in him under the statute, to allow a default to be opened at the trial term.

Submitted March 1,—Decided April 24, 1902.

Equitable petition.    Before Judge Felton.    Bibb superior court.
May 8, 1901.

*Crump & Gerry*, for plaintiff.
*Anderson & Grace*, for defendant.

Fish, J.    Mary J. Ingalls brought her equitable petition against
Henry J. Lamar Jr., as trustee for H. J. Lamar Washington, return-
able to the November term, 1900, of Bibb superior court.    During
that term, on March 29, 1901, upon the call of the appearance
docket, the case was marked "In default."    On April 17 following,
during the April term of the court, the defendant, having paid all
of the accrued costs in the case, moved to open the default and to
file his demurrer and answer.    The motion was in writing, and it
was alleged therein that the movant had not filed his defense, upon
the call of the appearance docket, by reason of a misunderstanding
between him and his counsel; that he had consulted counsel about
the case, and was under the impression that they would give him
notice in due time for him to have them prepare and file his de-
fense before the call of the appearance docket; that counsel did not
understand that they were expected to look after the case until
movant should see them further about the matter; that they did
not understand that movant, by such consultation, meant then and
there to employ them, and consequently did not undertake to give
movant the notice which he expected before the appearance docket
was called; and " that this was the result of an unfortunate misun-
derstanding between himself and his counsel, and constitutes such
excusable neglect as is contemplated by section 5072 of the Code."
The motion referred to a demurrer and answer as setting up a meri-
torious defense to the action against him.    Plaintiff objected to
opening the default, upon the ground that the misunderstanding be-
tween the movant and his counsel did not constitute the excusable
neglect contemplated in such cases by the statute.    After hearing
evidence upon the motion, the court allowed the default to be opened,
the order reciting that " said default is opened and set aside, because
it appears to the court that said demurrer and answer were filed
within thirty days from the entry of default, the defendant upon
filing the same having paid all costs which had accrued in said case;
and also because, under the circumstances in the case, the court
holds that the failure of the defendant to file his defense at the

return term of the case and on or before the call of the appearance docket was due to excusable neglect." Upon hearing the demurrer to the plaintiff's petition, the court sustained the same and dismissed the case. The plaintiff excepted to the ruling allowing the default to be opened, and also to the judgment sustaining the demurrer.

1. Under the view we take of the case, it is only necessary to deal with the question relating to the opening of the default; for we are of opinion that the judge erred in allowing the default to be opened. "In all cases the judge at each term shall call the appearance docket upon some day previously fixed, or on the last day of the term, and upon such call all cases in which the defendant has not filed a demurrer, plea, or answer, or other defense, shall be marked 'In default.'" Civil Code, § 5069. "At any time within thirty days after the entry of 'default,' the defendant, upon payment of all costs which have accrued, shall be allowed to open the default and file his defense by demurrer, plea, or answer." § 5070. "If the default is not opened as provided in the preceding section, the plaintiff shall be entitled, at the trial term, to take a verdict or judgment as the case may require." § 5071. "At the trial term the judge in his discretion, upon payment of costs, may allow the default to be opened for providential cause preventing the filing of a plea, or for excusable neglect, or where the judge, from all the facts, shall determine that a proper case has been made for the default to be opened on terms to be fixed by the court. In order to allow the default to be thus opened, the showing shall be made under oath, shall set up a meritorious defense, shall offer to plead instanter, and announce ready to proceed with the trial." § 5072. We think the proper construction of section 5070, which gives a defendant, upon payment of the accrued costs, the right to open a default at any time within thirty days, is that such right must be exercised before the beginning of the trial term, even though it may begin before thirty days have elapsed since the entry of default, because section 5072 expressly provides how the default may be opened at the trial term. It must be admitted that a defendant can not, under any and all circumstances, as a matter of right, open a default within thirty days after its entry, upon payment of the costs. For suppose the trial term begins soon after the adjournment of the appearance term, and a case, which has been marked in default, is regularly called for trial within thirty days after the entry of default

and a verdict or judgment, as the case may require, is rendered against the defendant; surely he could not then, upon payment of the costs, have the default opened and plead, though thirty days had not elapsed since the default was entered. While this construction may appear to work a hardship upon defendants in a court where the appearance docket is not called until the last of the term, and the term continues until within five days of the succeeding term, yet such long terms are the exception; and we think that the legislature in passing the statute had reference to the great majority of the courts, where something like six months intervene between terms.

2. While it is in the discretion of the judge, at the trial term, upon payment of the accrued costs, to allow the default to be opened for excusable neglect, the discretion to be exercised is a sound legal discretion; and to justify the exercise of such discretion in opening the default, there must be some excuse by the defendant for failure to plead on or before the calling of the appearance docket and the entering of default, other than a mere misunderstanding between him and his counsel as to the latter's employment. The defendant exercised no diligence in making his defense, and his negligence was wholly inexcusable. See *Cannon.v. Harrold,* 61 *Ga.* 158; *Moore* v. *Kelly,* 109 *Ga.* 798; *Kellam* v. *Todd,* 114 *Ga.* 981.

*Judgment reversed. All the Justices concurring,· except Lewis, J., absent.*