## MANRY *et al. v.* TWITTY.

1. Where an application by petition to open an entry of default was made at the trial term of the superior court, in which it was alleged, that, when the appearance term convened, the petitioner was not physically able to attend court, that he had employed attorneys and given them full information in regard to his defense and instructed them to file an answer, which he thought they would do, but that his attorneys, not finding him at court, did not file any defense; but where it failed to show any reason why the defendant's presence was necessary to the filing of the answer or that he was sick and unable to be present at or before the time, during the continuance of the term, when the docket was called and the default entered, or that he had taken any steps for about eight months after the commencement of the return term, alleging that he then discovered the entry of default and moved to open it, the petition was demurrable.

2. If the evidence placed before the court be considered, it showed affirmatively that the default was not entered for about three months after the return term of the court convened; and no excuse for the delay in filing the defense during that time appeared.

Argued November 6, 1908.—Decided April 19, 1909.

Motion to open default.  Before J. H. Scaife, judge pro hac vice.  Mitchell superior court.  July 23, 1908.

On July 23, 1908, W. H. Manry and his wife presented to the judge presiding in the superior court of Mitchell county, then in session during an adjourned term, a petition alleging, in brief, as follows:  They reside in said county.  On October 1, 1907, W. C. Twitty filed in the office of the clerk of the superior court an action against the present petitioners, to recover certain land. The case was returnable to the October term, 1907, of the court, and service was perfected on the defendants.  W. H. Manry, representing himself and wife, went to the county seat and employed a firm of attorneys to represent them in the case.  He delivered to the attorneys the copies of the petition which had been served

on the defendants, together with their titles to the land in ques-
tion, made to the attorneys a full and complete statement of the
status of the case, and directed them to file the defense to the suit
at the October term; but at that term W. H. Manry was sick
and unable to attend court, and his attorneys, not finding him
there, did not file a defense to the action. "When the October
term, 1907, of said court convened, which was the return term of
said case, petitioner W. H. Manry was not physically able to at-
tend said court, but thought that said attorneys whom they had
employed to file their defense would attend to the same." He
would have been present at that term of the court had he not been
sick. The defendants did not know that the case was in default
until the term when the petition was filed (April adjourned term,
1908). They came to court prepared to go into the trial, and
upon inquiry as to the status of the case they learned that it had
been marked in default at the October term, 1907. They have a
legal, meritorious defense to the suit, the husband holding bond
for title to the land and the right of possession thereto, having
purchased it in 1906, and having from that date been in peaceable
possession thereof. The wife is not interested in the land. There
is in fact but about two fifths of an acre involved in the litigation,
but upon it the husband, since its purchase, has erected improve-
ments of the value of $200 or more, and these were made before
the action to recover the land was begun. In a dispute as to the
correctness of the land line, processioners, with the county sur-
veyor, after having given to Twitty and other parties interested
due and legal notice, surveyed the line of the tract, and their find-
ing was in favor of Manry. They tendered the costs, announced
that they were ready to proceed to trial, and prayed that the judg-
ment of default be opened.

Twitty demurred to the petition, because it set forth no legal
reason for opening the default, and because no legal or meritorious
defense was filed with the motion or set out therein. Thereupon
an answer to the original suit was tendered, which admitted pos-
session in Manry, denied that the plaintiff had title or that the
defendants had received mesne profits of the value alleged by the
plaintiff, admitted that they refused to deliver possession to the
plaintiff, and alleged that Manry claimed title to the land under
bond for title from H. H. Merritt made March 1, 1908. On the

hearing of the motion the respondent directed the attention of the judge to the records of the court in which the suit was pending, and tendered them as evidence. The court admitted them over objection. They showed that at the October term, 1907, the court remained in session from the 21st to the 25th of October, and was adjourned until January 20, 1908, and remained in session from that date until January 28, when the October term was finally adjourned. The docket showed that the entry of judgment by default had been made at the October term, 1908. It was admitted that the case had been called in open court but once since it was filed, that is when the entry of judgment by default was entered; and also that the record did not show that the entry of judgment by default had been made on the last day of the court or on any other day previously fixed by order of the court for the calling of the appearance docket. After considering the motion to open the default, the records of the court, and the defense tendered by the movants, the judge entered the following order: "Upon hearing this demurrer the same is hereby sustained, and the motion to open the default judgment is hereby refused and denied." The plaintiff in the original suit was then allowed to take a verdict by default, without the introduction of evidence, and the movants excepted.

*E. E. Cox,* for plaintiffs in error. *Pope & Bennet,* contra.

LUMPKIN, J. · (After stating the foregoing facts.)

It is not altogether clear whether the presiding judge intended his order to operate as a dismissal, on demurrer, of the motion to open the default, or as a refusal of the motion upon the facts presented both by the pleadings and evidence. The order stated that the demurrer was sustained, but also added that the motion · to open the default was refused and denied. But in whichever light it be regarded, it must be affirmed; because neither on the face of the application, nor with the addition of the facts disclosed by the evidence, was the movant entitled to have the default opened. If the records of the court be considered in connection with the motion, it appears that the suit was brought to the October term, 1907, of the court of the county in which the defendants resided, as well as where the land lay; that the term of the court met on October 21, and continued for five days, when it was adjourned until the 20th of January following, and remained in

session until January 28; and that the judgment of default was not entered until during the adjourned term, There is no evidence that during all that time Manry was sick or unable to attend court; nor is there anything to show why the defense could not have been filed during this period of about three months after the commencement of the return term; nor is any reason shown why his being sick, so that he could not attend court, rendered it impossible, on even difficult, for him or his attorneys to file a defense.

If the evidence be not considered, but only the written motion to open the default, it failed to state a case which would entitle the movant to have the application granted. On the face of the petition or motion it was alleged that the defendants in the suit to recover the land were duly served and knew that the October term, 1907, was the return term at which they must plead; that Manry, on behalf of himself and wife, employed a firm of attorneys, delivered to them the copies of the petition and process which had been served on the defendants, together with their title to the land, made to the attorneys a full and complete statement of the status, and directed them to file a defense at the return term. The only excuse for the failure to plead was that at the October term "defendant, W. H. Manry, was sick and unable to attend court, and his attorneys, not finding him here, did not file defense to said case." Immediately after this statement followed the allegation, that, "when the October term, 1907, of said court convened, which was the return term of said case, petitioner, W. H. Manry, was not physically able to attend said court, but thought that said attorneys whom they had employed to file their defense would attend to the same. Defendant, W. H. Manry, would have been present at this term of the court had he not been sick." The petition does not allege that Manry was sick at the time when the default was entered, and fails to allege when such entry was made. The evidence which the judge admitted may furnish the reason for this omission. But on the face of the motion the entire failure to state the character of his malady, or how serious it was, or how long it continued, or that it existed when the default was entered, is significant. If, as he alleged, he had attorneys, and furnished to them all the information and data necessary for the filing of an answer, and instructed them to do so, it is not apparent how his absence from court caused a failure to plead at the proper

time, or why his presence at court was necessary at all for the purpose of filing an answer. It may indeed be conjectured that possibly the payment of a retainer required by his attorneys, or the performance of some other act not disclosed in his pleadings, was necessary as a condition precedent to his having a right to rely upon their representing him and filing pleadings on his behalf. But the causal connection between his absence from court and the absence from file of an answer in due time is left to surmise. When the answer to the original suit which Manry now proposes to file is inspected, the fact that his presence for the mere purpose of filing it was unnecessary is patent. It was not required to be verified. It consists of less than half a page of typewritten matter, in which he admits that he is in possession of the land and refuses to deliver it to the plaintiff, and denies that the plaintiff is the owner of it or is entitled to it, or that the defendant has received mesne profits of the yearly value alleged by the plaintiff. To this is added the following statement: "Defendant, W. H. Manry, claims title to said land under bond for title from H. H. Merritt, made March 1, 1908." It needs no argument to show that Manry's sickness when the October term of the court convened furnished no reason why such an answer could not have been filed before the call of the docket and the entry of the default at some time during that term. The defendant took no action until the April adjourned term, 1908, which was held on July 23, eight months after the convening of the October term 1907, when he made his motion to open the default, alleging that he had come prepared to try the case. Neither the allegations nor the evidence (if considered) showed any ground requiring the opening of the default "for providential cause preventing the filing of a plea, or for excusable negligence." The presiding judge correctly declined to open it. Civil Code, 1895, § 5072; *Moore* v. *Kelly & Jones Co.,* 109 *Ga.* 799 (35 S. E. 168); *Ingalls* v. *Lamar,* 115 *Ga.* 296 (41 S. E. 573); *Brucker* v. *O'Connor,* 115 *Ga.* 96 (41 S. E. 245); *Kellam* v. *Todd,* 114 *Ga.* 983 (41 S. E. 39). It was not contended that there was any error which infected the final judgment, except the refusal to open the default.

*Judgment affirmed. All the Justices concur.*