*H. W. Dent* and *G. C. Dekle,* contra.

---

FITZGERALD *v.* FERRAN *et al.; et vice versa.*

While the statute in our Civil Code provides for opening a default at the trial term, where the case at the appearance term upon the call of the docket was marked in default, and the judge is vested with a discretion as to whether or not the default shall be opened, this is a legal discretion, and the default should not be opened unless the applicant brings himself within the terms of the statute. In the present case the application addressed to the court for an opening of the default failed to show providential cause or excusable neglect in the failure to plead at the appearance term.

Nos. 3931, 3942.    SEPTEMBER 20, 1924.

Equitable petition. Before Judge Crum. Wilcox superior court. July 7, 1923.

On February 28, 1922, Mrs. B. M. Ferran filed suit against Mrs. Susie E. Fitzgerald on notes payable to Paxson Bros., and indorsed by them, signed by Mrs. Fitzgerald, dated October 15, 1920, due as follows: $1,000.00 October 15, 1921, $1,000.00 October 15, 1922, $1,400.00 October 15, 1923, and $3,500.00

October 15, 1924; the first three notes each containing a clause making all the notes due on failure to pay any one, and this clause was set out in the declaration. Service was made on defendant on March 4, 1922. The March term on the third Monday in March was the appearance term, and the case was at that term marked in default. At the next term of the court, on October 25, 1922, the defendant, Mrs. Fitzgerald, filed an answer praying that the default be opened. The substance of her contention was that the notes sued on had not been signed by her or by her authority. She had authorized her husband, who signed her name to the notes sued on, to give notes of different amounts, to wit, $1,000.00, $1,000.00, $1,150.00, without any clause providing for accelerating maturity, and a balance of $3,500.00 was to be a note to be held until Paxson Bros. procured a loan for that amount to run five years, and the consideration of the notes was land bought by her from them; and there was no denial that she had been in possession two years. She alleged that the plaintiff was not a bona fide holder of the notes, and therefore that her defense was available. When she bought the land M. C. Guest had a lien on one half of it, and Paxson Bros. were to pay off the lien, which amounted to $1500.00. She said that at maturity of the first note sued on she had offered to pay it to O. F. Paxson, of the firm of Paxson Bros., but that he claimed that the note was in bank, and she would not pay except on production of the note. At the May term, 1922, she did not know of the clause in the notes making them mature on failure of payment of one; and besides that, O. F. Paxson told her that the Guest debt would be paid. For this reason she did not file her answer at the March term, 1922. There was no allegation that the costs had been paid by her, nor did she offer to pay. She said she was willing for the notes to stand in so far as they were in accord with the contract as stated by her, if same was recognized as the contract. There was no allegation that she had used diligence to file her defense at the first term, nor did she announce ready for trial. The prayer was, that Paxson Bros. be made parties, the contracts be reformed, suit be enjoined until Paxson Bros. paid the Guest debt and procured at their own expense a long loan of $3500.00; that the true balance due by her in accordance with the contract be fixed, and when the other parties comply with the contract she will pay the

amount so fixed; and finally that the default be opened and this answer be allowed.

Mrs. Ferran objected to the allowance of the answer, on the grounds: first, that the facts alleged were insufficient to justify the opening of the default; and, second, that the facts alleged set forth no defense and did not warrant the giving of the relief prayed for. The answer was allowed, and the default opened by his honor Judge Gower, then presiding. Mrs. Ferran filed exceptions pendente lite, and brought the point to this court by her cross-bill of exceptions.

Subsequently to the term at which the order opening the default was taken, an amendment to the cross-petition was filed by the defendant, and, upon issues made by the original petition, the answer and cross-petition and the amendment to the latter, the case was tried and a verdict in favor of the plaintiff was directed by the court; to which judgment the defendant excepted. The plaintiff filed a cross-bill of exceptions assigning error upon her exceptions pendente lite.

*Eldridge Cutts,* for Fitzgerald.

*M. B. Cannon,* and *Hal Lawson,* for Ferran et al.

BECK, P. J. (After stating the foregoing facts.) We are of the opinion that the exceptions contained in the cross-bill of exceptions are well taken. The suit by Mrs. Ferran against Mrs. Fitzgerald had been marked in default. The defendant's allegations of the negotiations upon the part of the defendant by her agent to settle and pay the note due at the time of filing the suit, and of the negotiations between defendant's agent and Paxson, are vague and indefinite. There was no distinct promise upon Paxson's part not to proceed with the suit alleged. It is provided in the Civil Code, § 5653, that the judge at each term of the court shall call the appearance docket upon some day previously fixed, or on the last day of the term, and upon such call all cases in which the defendant has not filed a demurrer, plea or answer or other defense shall be marked "In default." This case was called and marked "In default." In section 5654 it is provided: "At any time within thirty days after the entry of 'default,' the defendant, upon payment of all costs which have accrued, shall be allowed to open the default and file his defense by demurrer, plea, or answer." The defendant did not take advantage of this

section. But section 5656 provides: "At the trial term the judge in his discretion, upon payment of costs, may allow the default to be opened for providential cause preventing the filing of a plea, or for excusable neglect, or where the judge, from all the facts, shall determine that a proper case has been made for the default to be opened on terms to be fixed by the court. In order to allow the default to be thus opened, the showing shall be made under oath, shall set up a meritorious defense, shall offer to plead instanter, and announce ready to proceed with the trial." It does not appear that the defendant paid or offered to pay the costs in the case. The judge is vested with a discretion in the matter of opening a default at the trial term; but that discretion is a legal discretion. The positive requirements of the section last quoted must be complied with, before the discretion can be exercised in favor of the application to open the default at the trial term. The costs are to be paid, a meritorious defense shall be set up, and the applicant must offer to plead instanter, and announce ready to proceed with the trial. The plea filed does not show that the costs were paid, nor is there an offer in the plea to pay the costs, nor is there an offer to go to trial instanter; nor does it appear in this record that these things were done. The defendant in part also relied upon the fact, as alleged in her plea as an excuse for not filing the plea and answer at the appearance term, that "at the time of the holding of the March term, 1922, of this court and at which time this suit should have been answered, this defendant was assured by O. F. Paxson, who managed the business of Paxson Bros., that the Mrs. Mitchell indebtedness against said land would be removed all right; and at that time defendant did not know of the material alteration in the notes by the addition of the clause purporting to make all become due when one was unpaid, nor that the $3500.00 for which Paxson Bros. guaranteed to obtain a five-year loan was included as a straight negotiable note; and on the assurance of said Paxson Bros., through said O. F. Paxson, that he would get the notes back from the bank so that the defendant could pay the one which was the only one past due and that the Mitchell debt against the land would be immediately relieved, there was nothing in the transaction to require any defense to be made, and defendant would have all that she was entitled to. Defendant was thus deceived and

misled into making no defense at said March term, and the actual facts upon which the present defense is based thus came to the knowledge of defendant since said term; and she now at the first opportunity presents this her defense and facts upon ·which she prays affirmative relief, as well as offering them as defensive to said suit." It will be observed that there was no promise upon the part of Paxson to dismiss the case, nor does defendant allege that Paxson stated that there was "nothing in the transaction to require a defense to be made." The distinct allegation is here that Paxson said he would "get the notes back from the bank so that the defendant could pay the one which was the only one past due;" but it does not appear from any allegation that defendant herself, or by her agent, went to Paxson and offered to pay it, nor that she made any inquiry during the term of the court as to whether it was paid or not, and neither she nor her agent looked to the docket or the record of the court to see whether or not the case was marked in default. They had thirty days after the entry was made in which to do this. Some degree of diligence on the part of a defendant, against whom a suit is brought and who has been served, to ascertain the standing of her case in court is required. If the defendant or her agent ·was misled by any statement that Paxson made to the effect that the case would not be pressed or would be dismissed, or that they could have a period of time within which to make the payment, there might have been some merit in this plea. These allegations in the plea will be construed most strongly against the pleader. If she had a reason for not filing the plea or for not ascertaining that the entry "In default" had been made, she should have alleged it plainly and distinctly.

We apply the rule stated less reluctantly, as it appears, from other pleadings and exhibits thereto filed subsequently, that the plea is not a meritorious one, and that there is no merit in the contention that the clause in the notes accelerating the maturity of all the notes in case of a failure to pay the first one on the date of maturity was inserted without her knowledge or by her agent without notice to her and without authority on the part of her agent to make the insertion. She received a bond for title to the land and went into possession of the land under this bond for title, and this clause is contained in the bond for title, and she is presumed to have had notice of it. She went into possession of

the land and remained in possession two years. If there was an outstanding mortgage on the land, it was clearly for less than the value of the land, under all the evidence; and she could have protected herself, if necessary, by asking a decree to have so much of the amount recovered by the plaintiff applied to the payment of this encumbrance as would be required to meet the principal and interest. As for the contention in the plea that Paxson had agreed to procure a loan for $3500.00, of which she was to have the benefit, it is contrary to the stipulations in the bond for title as to the loan.

We are of the opinion that the court erred, upon the submission of the plea and answer, in opening the default. The judgment of the court below allowing the default to be opened and the plea filed is reversed. Having reversed the judgment on this exception contained in the cross-bill of exceptions, it is unnecessary to consider the exceptions in the main bill of exceptions. The main bill of exceptions will accordingly be dismissed.

*Judgment reversed on the cross-bill of exceptions; main bill of exceptions dismissed. All the Justices concur.*