## 20781. METROPOLITAN LIFE INSURANCE CO. *v.* SCARBORO.

DECIDED DECEMBER 18, 1930. REHEARING DENIED JANUARY 14, 1931.

*William L. Clay,* for plaintiff in error.

*Spence M. Grayson, H. Mercer Jordan,* contra.

LUKE, J. Thelma Scarboro, as the beneficiary under a life-insurance policy, instituted in the city court of Savannah a suit against Metropolitan Life Insurance Company for $500, returnable to the January term, 1930. On January 6, the first day of the term, the case was called, and, no demurrer, plea, or answer being filed, "In default" was entered on the court docket. On January 13, 1930, the docket of cases in default was called, and there was yet no appearance on behalf of the defendant. In the afternoon of the latter day, with the consent of the presiding judge, the defendant filed an answer, and, at the same term of court, on January 30, the defendant filed a demurrer to the plaintiff's petition and an amendment to its answer. At the March term the demurrer was withdrawn, and the plaintiff filed a motion to dismiss the defendant's answer, on the ground that it was filed too late; the defendant filed an answer to the latter motion, and on March 21 the court sustained the plaintiff's motion to dismiss, struck the defendant's pleadings, and denied the motion to vacate the default. Subse-

quently at the March term the case came on for trial, and, after the introduction of plaintiff's testimony, the jury, by direction of the court, returned a verdict against the defendant for $500 and costs.

1. Defendant's exceptions pendente lite, as well as its main bill of exceptions, assign error upon the action of the court in striking the defendant's pleadings and refusing to open the default. From the brief filed in defendant's behalf we understand its contention to be, that, having paid all costs, having filed a meritorious defense, and having announced readiness to proceed with the trial, after the opening of the second or trial term of the court, its motion to vacate the default should have been sustained. It is urged that the provisions of the act of 1905 (p. 352) relating to the city court of Savannah were thus complied with, and that it was error for the trial judge to refuse to open the default upon the ground that "the law so required, and that he had no discretionary power." The only provisions of the act applicable to such a case are those in section 2, which provide that "after the expiration of the term at which said default was entered, the said judges may open said default upon the same terms and conditions as may judges of the superior courts of this State." What is the statute governing judges of the superior courts in such a case? Section 5656 of the Civil Code (1910) reads: "At the trial term the judge in his discretion, upon payment of costs, may allow the default to be opened for providential cause preventing the filing of a plea, or for excusable neglect, or where the judge, from all the facts, shall determine that a proper case has been made for the default to be opened on terms to be fixed by the court. In order to allow the default to be thus opened, the showing shall be made under oath, shall set up a meritorious defense, shall offer to plead instanter, and announce ready to proceed with the trial." In this case it does not appear that any "providential cause" intervened to prevent the defendant from filing its plea. All that can be gathered from the defendant's showing of the facts under oath is that it failed or neglected to employ and instruct its counsel in due time; and that some further delay resulted from a misunderstanding growing out of conversations between counsel. But these facts are not deemed sufficient to warrant any interference by the court. *Martin* v. *Shields,* 144 *Ga.* 179 (86 S. E. 538). But the defendant says the judge erred in ruling that "he had no discretionary power" in the

premises. The statute referred to seems clearly to indicate that the right to exercise his discretionary power to open a default at the trial term does not arise until after the judge shall have determined, from the facts shown under oath, that a proper case has been made for the default to be opened. It is only then, and not until then, that he may exercise his discretion. *Ingalls* v. *Lamar,* 115 *Ga.* 296 (41 S. E. 573). It is clear in this case that, not only did the defendant fail to make any showing of facts that could be entertained by the court, but to have opened the default upon that showing would have constituted an abuse of that discretion, and, therefore, reversible error. *Fitzgerald* v. *Ferran,* 158 *Ga.* 755 (124 S. E. 530).

2-6. Error assigned in the defendant's motion for a new trial is the denial by the trial court of any opportunity for the defendant to participate in the selection of a jury from a regular panel of twenty-four, a panel of but twelve jurors having been called and put upon the defendant to try the case. In support of this contention sections 854, 857, and 858 of the Penal Code of 1910, expressly made applicable to civil cases, and the case of *Davis* v. *Wimberly,* 86 *Ga.* 46 (12 S. E. 208), are cited. Of course, the right to participate in the selection of the jury in all cases to which the statutes are applicable is not to be denied to the defendant. But the determination of the question of the defendant's right to strike a jury in this case seems to turn upon another question, namely, whether or not the present action is one for unliquidated or liquidated damages. In *Davis* v. *Wimberly,* supra, an entirely different situation was involved. In the instant case the amount of the recovery, if any, to which plaintiff is entitled is fixed and certain. It definitely appears from the terms of the contract itself; and is, therefore, in our opinion, a liquidated one. The Civil Code (1910), § 5662, provides: "In all cases, except actions for unliquidated damages and suits on unconditional contracts in writing, in the several courts of this State, where the writ of process has been served, as the law directs, on the defendant, and there is no defense made by the party sued, either in person or by attorney, at time the case is submitted for trial, the case shall be considered in default, and the plaintiff shall be permitted to take a verdict as if each and every item and paragraph were proved by testimony." There is no suggestion in the record before us in this case that the defendant was not served

as the law directs. It certainly does appear that the case was in default, and, as a consequence, that no defense was interposed. It is pointed out by defendant's counsel that the act of 1910 (Ga. L. 1910, p. 203) provides that, in case of default, if the default be not opened in the manner prescribed, "the plaintiff may proceed ex parte and establish his demand, upon proof thereof." It appears from this provision that, while proof of the plaintiff's demand is required, nevertheless the proceeding in such a case is ex parte. It is difficult for us to perceive how the proceedings could be ex parte if, as contended for in this case, the defendant were permitted in any measure to contest the plaintiff's demand. In view of the statutory provisions referred to, we can not see that the trial court erred in denying the defendant the right to strike a jury in the case.

We come now to the remaining assignments of error which deal with the manner in which the trial was conducted,—the denial of the alleged right of the defendant to impeach the plaintiff's testimony in her own behalf; the denial of the defendant's alleged right to introduce evidence to prove what amount, if any, could be recovered as unliquidated damages; the denial of the alleged right of counsel for the defendant to present an argument to the jury; and the alleged insufficiency of the evidence to support the verdict and judgment rendered in favor of the plaintiff.

As to the first of this series of assignments of error, we are of the opinion that the defendant was barred by the default in this case from introducing any evidence at all in his behalf, for any purpose, as has hereinbefore been indicated. And, as also pointed out, we are not in agreement with the contention of the defendant that the claim involved in the suit was an unliquidated one. All that the plaintiff sought to recover was the amount of the policy. The petition contains nothing on the subject of unearned premium,—though even that, in our view, would not have altered the nature of the demand. But be that as it may, we do not understand that the defendant, in any case, should be heard to complain that the plaintiff refrained from insisting upon the recovery of some portion of her claim, and that, therefore, the defendant should have been permitted to supply the necessary proof thereof. So far as the matter of argument was concerned, since there was no fact in dispute before the jury—no contest to be decided, there was nothing left open for argument.

7. Finally comes the question of the alleged insufficiency of the evidence to support the judgment. It may be conceded that the plaintiff's testimony in her own behalf, as urged by the defendant's counsel, must be construed most strongly against her, and that upon her cross-examination her testimony appears to be somewhat contradictory. She testified upon her examination in chief that "all the premiums were paid. We had to pay twice a year on the policy. That was paid." But upon her cross-examination her testimony seems to be less satisfactory. Yet upon her redirect examination she repeats: "We paid all premiums until he died." The receipts for the premium payments do not seem to have been produced, though in one place in the testimony a notice to produce them is alluded to. All things considered, however, the uncontradicted evidence seems to support her claim.

Upon the foregoing considerations the judgment of the city court of Savannah must be sustained.

*Judgment affirmed. Broyles, C. J., and Bloodworth, J., concur.*