23197. RAWLS v. BOWERS et al.

JENKINS, P. J.   1. Section 20 of the act creating the municipal court of Macon provides that on the call of the appearance docket on the first Wednesday in each monthly term (beginning on the third Monday in each month), the judge shall mark "In default" each case in which no answer was filed before 12 o'clock noon on the first day of the term, that "all cases so marked shall thereby be ripe for trial and judgment," and that "after rendition of final judgment in a case so marked 'In default,' the right of opening such default shall terminate, unless by order of the court or by consent of parties or counsel of record evidenced by a written stipulation filed with the clerk of said court." Section 18 provides "that the general laws of this State in regard to the commencement of actions in the superior courts, and defenses thereto, of whatever nature, the pleadings, the method of procedure and practice therein, . . and other matters of a judicial nature within the jurisdiction of said municipal court, shall be applicable to said municipal court, except as may be otherwise provided in this act." Nothing being "otherwise provided," the general authority of the judge to open defaults "by order," given in section 20, is qualified and regulated by sections 5654 and 5656 of the Civil Code (1910), fixing the procedure on defaults in superior courts. The opportunity given to a defendant by the former section, as matter of right, upon payment of all costs, "to open the default and file his defense by demurrer, plea, or answer," does not exist unless such right is exercised before the beginning of the trial term, even though 30 days may not have elapsed since the entry of default. *Ingalls* v. *Lamar,* 115 *Ga.* 296, 298 (41 S. E. 573); *Coker* v. *Lipscomb,* 17 *Ga. App.* 506 (87 S. E. 704). The appearance term of the municipal court of Macon being, under the act, also the trial term (§§ 20 and 21), the provisions of section 5656 relative to the opening of defaults at the trial term control the procedure in that court. *Riverdale Pecan Co.* v. *Cutter,* 16 *Ga. App.* 631 (85 S. E. 929). Under the latter section, "the judge in his discretion, on payment of costs, may allow the default to be opened for providential cause preventing the filing of a plea, or for ex-

cusable neglect, or where the judge shall determine that a proper case has been made for the default to be opened on terms to be fixed by the court;" but "in order to allow the default to be thus opened, the showing shall be made under oath, shall set up a meritorious defense, shall offer to plead instanter, and announce ready to proceed with the trial." All these requirements are mandatory. *Coker* v. *Lipscomb*, supra. The judge is controlled not only by the requirement that the discretion which he exercises must be sound and based upon a proper showing (*Brucker* v. *O'Connor*, 115 *Ga.* 95, 96 (41 S. E. 245), but by the necessity, among other specified obligations, that the defendant shall pay the costs. *Fitzgerald* v. *Ferran*, 158 *Ga.* 758 (124 S. E. 530).

2. Where, upon a motion to open a default in the municipal court of Macon, the only showing in the motion and at the hearing as to the delay of the defendants was that they resided in another county, that after service upon them they came to Macon on the Sunday before the day for their appearance, remained in the city during Monday, went to the office of the attorney whom they wished to employ to file a defense, but, upon finding him absent in Florida, merely mailed to him a copy of the suit with instructions to file a defense, and took no other steps to file any defense or prevent a default, and that the attorney did not return to the city until after the default and judgment were entered, such a showing was insufficient to authorize the judge, in the exercise of a legal discretion, to set aside the default and allow defenses to be filed, and the order to that effect was error. *Ingalls* v. *Lamar*, supra; *Martin* v. *Shields*, 144 *Ga.* 179 (86 S. E. 538); *Moore* v. *Kelly & Jones Co.*, 109 *Ga.* 798 (2), 802 (35 S. E. 168); *Manry* v. *Twitty*, 132 *Ga.* 478, 482 (64 S. E. 273); *Jackson* v. *Grant*, 152 *Ga.* 751 (111 S. E. 192); *Colclough* v. *Walker*, 19 *Ga. App.* 23 (90 S. E. 742); *Hall* v. *Holman*, 15 *Ga. App.* 659 (2) (84 S. E. 174); *Ohlen* v. *McCoy*, 25 *Ga. App.* 528 (2) (103 S. E. 803).

3. While the defendants in their motion offered to pay the costs, it does not appear from their showing at the hearing that this was done. On the other hand, the order provided that the default be opened "upon condition that the movant pay the costs that have accrued up to this time," but the record does not show that they were ever paid, either before or after the filing of the defenses. "The payment of costs being an imposed prerequisite, and the defendants in this case not having paid them, but merely offering to do so upon the default being opened, the trial judge had no discretion in the matter." *Sweat* v. *Mohr*, 21 *Ga. App.* 93 (94 S. E. 79); *Fitzgerald* v. *Ferran*, supra; *Brawner* v. *Maddox*, 1 *Ga. App.* 332 (58 S. E. 278). For this additional reason, the order opening the case was erroneous.

4. The superior court erred in overruling the certiorari by which the plaintiff in the municipal court sought to review the action of the municipal court in vacating the judgment of default.

*Judgment reversed. Stephens and Sutton, JJ., concur.*

DECIDED JANUARY 24, 1934.

*Arthur Lewis,* for plaintiff.  *T. A. Wallace,* for defendants.