The question certified by the Court of Appeals calls for a decision of the entire case, and is not a question of law only. It is a mixed question of law and fact, and under the constitutional provisions and the decisions of this court construing the same, it can not be answered. Johnston v. Travelers Insurance Co., 183 Ga. 229 (188 S.E. 27).
All the Justices concur.
 No. 15782. APRIL 19, 1947.
The Court of Appeals (in case No. 31429) certified the following question to this court:
"Where, pursuant to the provisions of the Revenue-Certificate Law, Ga. L. 1937, page 761, a county, a `municipality' within the meaning of the provisions of this act, seeks to create a water district, to construct, operate, and maintain a water system, and to include within said water district all of the territory of a city which is located in such county and is likewise a `municipality' within the meaning of the provisions of the act, and to issue negotiable certificates in anticipation of the collection of revenue from said county water system; and where the city, acting by and through its mayor and council and certain citizens and taxpayers of the city, in an intervention, seasonably objected to the validation of such certificates of the county for the reason that the county could not issue such certificates and validate the same so long as the territory within the corporate limits of the city is included as a part of the area in which the proposed water system is to operate, where the city has not consented to be included within the proposed water district and where the city has announced its purpose and intention to establish a water system within its corporate limits and to furnish water to the residents of said city at a much more economical rate than will be offered by the facilities to be provided by the county, as proposed in such *Page 191 
certificate issue, and has, for several months, had under consideration the issue by said city of such revenue-anticipation certificates to provide funds for the purchase of existing facilities and the construction of such additional facilities as may be necessary for the furnishing of an ample water supply to the residents of said city, and an ample water supply for the use of said city in protecting the property therein from loss by fire, has engaged competent engineers to plan said facilities and determine the costs thereof, has obtained an option from the owner of the present water facilities within said city, with the purpose and intention of paying for said existing facilities and adding thereto from funds derived from the sale of said revenue-anticipation certificates to be issued by the city — would this, in such intervention, be a legal basis for an objection which would defeat the validation of the revenue-anticipation certificates of the county, where all the other requirements of such Revenue-Certificate Law were shown to have been complied with in the county validation proceedings?"