30154. HOUSTON v. LOWES OF SAVANNAH, INC.

HILL, Justice.

The Court of Appeals has certified two questions, as follows:

(1) Does Code Ann. § 81A-155 (b)[1] provide two grounds (providential cause and excusable neglect) or three grounds (providential cause, excusable neglect, and where the judge from all the facts determines that a proper case has been made) for opening default?

---

[1]Code Ann. § 81A-155 (b) reads in pertinent part: "At any time before final judgment, the court, in its discretion, upon payment of costs, may allow the default to be opened for providential cause preventing the filing of a plea or for excusable neglect or where the judge, from all the facts, shall determine that a proper case has been made for the default to be opened, on terms to be fixed by the court."

(2) If the answer to question number 1 above is three grounds, did the record in the above-styled case authorize the exercise of a legal discretion by the trial judge?

Code Ann. § 81A-155 (b) is identical to the 1946 amendment (Ga. L. 1946, pp. 761, 778) to Code (1933) § 110-404 and identical for purposes of this case to Code (1933) § 110-404 and its predecessors, Code (1910) § 5656 and Code (1895) § 5072, all stating the grounds for opening defaults. Cases construing the provisions of those sections are thus equally applicable to Code Ann. § 81A-155 (b).

We find the possibility for confusion and of conflict in the case law interpreting § 5072 of the Code of 1895 and its successors. *Manry v. Twitty,* 132 Ga. 478 (64 SE 273), and *Martin v. Shields,* 144 Ga. 179 (86 SE 538), are both full bench decisions of this court. In both cases motions to open defaults were denied by the trial courts and, on appeal, those rulings were affirmed because the movants had failed to show either (1) providential cause or (2) excusable neglect. Those decisions thus appear to hold that the statute provides only the two grounds specifically mentioned. On the other hand, it could be that having lost before the trial judge, the movants relied only on these two grounds on appeal.

Other cases quote or paraphrase the three grounds for opening defaults listed in the statute. *Brucker v. O'Connor,* 115 Ga. 95 (41 SE 245), *Ingalls v. Lamar,* 115 Ga. 296 (2) (41 SE 573), *Sanders v. American Liberty Ins. Co.,* 225 Ga. 796 (171 SE2d 539). These decisions reversed the rulings of the trial courts and hence it was necessary to state the grounds on which the trial courts might have based their decisions.[2] However, these decisions were not "full bench," one Justice or more being absent or disqualified in each case.

---

[2]*Brucker v. O'Connor,* supra, contains language (115 Ga. 95, 96) indicating that there may be only one ground (excusable neglect) for opening defaults. "The code gives a judge no authority to open a default, after the term has passed, for reasons which fall short of a reasonable excuse for the negligent failure to answer." However, in context,

A more recent decision is *Axelroad v. Preston,* 232 Ga. 836 (209 SE2d 178), a full bench decision, expressly recognizing that there are three statutory grounds for opening defaults and basing the decision on the "third ground." In that case, the movant was allowed to open the default on a showing that his attorney had been hospitalized for heart surgery. This court affirmed the trial court, stating that the trial judge's determination that a proper case had been made for the default to be opened was not an abuse of his discretion "even though there was no providential cause or excusable neglect."

*Axelroad* thus refused to construe the trial court's discretion in opening defaults as narrowly as some earlier cases seemingly did. *Axelroad* gave effect to the third ground of Code Ann. § 81A-155 (b) as enacted by the General Assembly. It is a well-established principle that a statute must be viewed so as to make all its parts harmonize and to give a sensible and intelligent effect to each part. It is not presumed that the legislature intended that any part would be without meaning. *Drake v. Drewry,* 109 Ga. 399, 401 (35 SE 44). Thus, *Axelroad* is in harmony not only with the rules of statutory construction but also the spirit of the Civil Practice Act of which Code Ann. § 81A-155 (b) is a part.

To the extent, if any, that the decisions of this court in *Manry v. Twitty* and *Martin v. Shields,* supra, or the language of *Brucker v. O'Connor,* supra, may be in conflict with *Axelroad,* they are hereby overruled. The fact that *Manry* and *Martin* were "full bench" decisions is no longer a controlling factor. *Hall v. Hopper,* 234 Ga. 625 (3). *Axelroad* being later in time is the more persuasive decision. *Hall v. Hopper,* supra.

The second question calls for a determination and application of facts disposing of the entire case and should not be answered by this court in response to a certified question. *City of Trenton v. Dade County,* 202 Ga. 190 (42 SE2d 438); *Gunby v. Roberts,* 205 Ga. 346 (53 SE2d 370); *Kelly v. Ga. Casualty &c. Co.,* 216 Ga. 834 (120 SE2d 329).

---

it is clear that the court was there considering the defendant's negligence in failing to answer, and was merely expressing the converse of excusable neglect.

Although appellant and some members of the Court of Appeals have objected to the questions posed, we have undertaken to answer the question certified by the majority of the Court of Appeals as a question of law and without reference to the facts of this or any other case. We therefore express no opinion as to whether or to what extent the three grounds of Code Ann. § 81A-155 (b) may duplicate each other or exist independently of each other.

*Question no. 1 certified by the Court of Appeals is answered by saying that Code Ann. § 81A-155 (b) provides 3 grounds for opening defaults. Question no. 2 remains unanswered. All the Justices concur.*

ARGUED JULY 9, 1975 — DECIDED SEPTEMBER 16, 1975.

*Burt, Burt & Rentz, D. D. Rentz, William Swan, Twitty & Twitty, Frank S. Twitty,* for appellant.

*Perry, Walters, Lippitt & Custer, S. B. Lippitt, Jr.,* for appellee.