## 57808. KERNS v. WHITE et al.

DEEN, Chief Judge.

Reduced to its simplest terms, this case is here on appeal because the appellant complied with an order of the trial judge prior to its entry. The law does not demand a useless thing and, appellant having filed his answer, we reverse the holding that he should have refiled the answer or filed another answer subsequent to the order.

The facts are these: White sued Kerns. Kerns' case went into default and White obtained a money judgment. The defendant's attorney moved to vacate the default judgment on grounds which might well, in the discretion of the court, have constituted excusable neglect under Code § 81A-155 prior to the entry of judgment. *Houston v.*

*Lowes of Savannah, Inc.,* 235 Ga. 201 (219 SE2d 115) (1975). At the same time the defendant filed an answer to the complaint. The question of whether the motion to set aside the judgment was meritorious is not presented to us, since the court did so in an order to which counsel for both parties appended their written consent. The order itself read as follows: "Default judgment having been entered in the above stated case, and defendant having shown good cause for opening said default judgment, it is therefore ordered that said judgment be vacated and set aside, and defendant is ordered to file defensive pleadings and the case proceed to trial."

When the judgment was set aside and the case reinstated, the record contained a complaint, an answer, and an order to proceed to trial. It was unnecessary to refile the answer since, with the judgment vacated, its validity was restored. It was accordingly error, instead of trying the case as specified in the order, to enter a second default judgment against the defendant.

*Judgment reversed with direction that the case proceed to trial. Birdsong and Carley, JJ., concur. Shulman, J., not participating.*

ARGUED MAY 7, 1979 — DECIDED JUNE 13, 1979.

*Glyndon C. Pruitt,* for appellant.
*Charles M. Hall, Leon L. Rice, III,* for appellees.