## 58082. TRI-STATE CULVERT MANUFACTURING, INC. v. WHITE.

SHULMAN, Judge.

Upon appellant-defendant's failure to make an appearance in a personal injury tort action instituted by appellee-plaintiff, a default judgment was entered in favor of the plaintiff. In the ensuing trial on the issue of damages, the jury awarded plaintiff $45,000. We reverse the judgment entered on that verdict.

1. When appellant failed to appear for the trial on damages, the court permitted appellee to exercise strikes forfeited by the defaulting party. In so ruling, the court permitted appellee to exercise twice the number of peremptory strikes to which he was otherwise entitled under Code Ann. § 59-703 (b) in selecting a jury of twelve. We agree with appellant that this ruling requires reversal.

A. The action of the trial court is apparently without legal precedent. Counsel have cited, and research has disclosed, no case involving the precise issue before us.

B. In spite of appellant's original default, the right to a jury trial on the issue of damages and the corresponding right to participate in jury selection remained unaffected. *Davis v. Wimberly,* 86 Ga. 46 (1) (12 SE 208). While there is no Code section specifically relating to the parties' respective rights in jury selection where a party fails to make an appearance at the damages trial, Code Ann. § 24-3358 (governing jury selection procedures where a strike is forfeited) is sufficiently broad so as to be applicable to strikes forfeited by reason of non-appearance. That Code section provides that upon the failure of a party to timely exercise a strike, "by such failure [that party] shall forfeit a strike; and if more than 12 jurors remain upon the jury list, the first 12 not stricken shall constitute the jury." In practice, when Code

Ann. § 24-3358 is read in conjunction with its complement, Code Ann. § 59-703 (b), the jury selection procedure contemplates that each party will exercise no more than six strikes. If it did not so contemplate, then the language in Code Ann. § 24-3358 relating to jury selection where more than 12 jurors remain after all strikes have either been exhausted or forfeited would be meaningless.

In summary, we hold that appellant's default in the damages trial did not confer upon the appearing party the right to exercise strikes forfeited by reason of the opposing party's nonappearance. Reversal of the judgment entered on the verdict of the improperly selected jury is required. Cf., generally *First Fidelity Ins. Corp. v. Busbia,* 128 Ga. App. 485 (197 SE2d 396); *Canal Ins. Co. v. Cambron,* 240 Ga. 708 (3) (242 SE2d 32).

C. Cases cited by appellee for the proposition that the irregularities in jury selection are waived by failure to properly object have no application to this case. Conceding that appellant forfeited its rights to participate in jury selection by failing to make an appearance at the damages trial (Code Ann. § 24-3358), that forfeiture did not confer on the appearing party jury selection rights which are greater than those contemplated by law. Code Ann. §§ 24-3358; 59-703 (b).

2. Since we are reversing the judgment, we need not consider remaining enumerations of error.

*Judgment reversed. Deen, C. J., and Carley, J., concur.*

ARGUED JULY 2, 1979 — DECIDED SEPTEMBER 26, 1979 —

*John D. Jones, Alfred B. Adams, III, Robert C. Lamar, Gregory J. Digel,* for appellant.

*Tom Pye,* for appellee.