**FOURTH DIVISION**
**DILLARD, P. J.,**
**MERCIER and MARKLE, JJ.**

**NOTICE: Motions for reconsideration must be**
***physically received*** **in our clerk's office within ten**
**days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

**October 3, 2022**

# In the Court of Appeals of Georgia

A22A0812. ANDERSON v. JONES.

MARKLE, Judge.

In October 2019, Marilyn Jones was injured in an auto accident with Marc Anderson. A few months later, Jones made an offer of settlement under OCGA § 9-11-67.1 to Anderson's insurance carrier, State Farm Mutual Automobile Insurance Company.[1] When State Farm failed to submit all of the requested documents for settlement by Jones's deadline, Jones determined that Anderson had rejected her offer, and she filed suit. Anderson filed the instant motion to enforce settlement, which the trial court denied. The trial court certified its order for immediate review, and we granted Anderson's interlocutory application. Anderson now appeals, arguing

---

[1] The statute was amended effective July 1, 2021. See Ga. L. 2021, Act 203, § 1. We refer to the previous version in effect at the time Jones made her offer of settlement.

that Jones could not shorten the statutory period in which to accept the offer of settlement. For the reasons that follow, we vacate the trial court's order, and remand the case for further proceedings.

> When a motion to enforce a settlement agreement is decided without an evidentiary hearing, as in this case, the issues raised are procedurally analogous to those in a motion for summary judgment. Accordingly, the court must view the evidence in the light most favorable to the nonmoving party[.] . . . On appeal, we apply a de novo standard of review to the trial court's determination to enforce the settlement agreement.

(Citation and punctuation omitted.) *Miller v. Miller*, 356 Ga. App. 142, 142-143 (846 SE2d 429) (2020); see also *Ligon v. Hu*, 363 Ga. App. 251 (1) (870 SE2d 802) (2022). Generally, statutory interpretation is a question of law, which we review de novo. *Harris v. Mahone*, 340 Ga. App. 415, 417 (1) (797 SE2d 688) (2017). But, "where it is apparent that a trial court's judgment rests on an erroneous legal theory, an appellate court cannot affirm." (Citation omitted.) *Eichenblatt v. Piedmont/Maple, LLC*, 358 Ga. App. 234, 237 (1) (854 SE2d 572) (2021).

So viewed, the record shows that, one evening in October 2019, Anderson was driving while intoxicated when he struck Jones's car and injured her. In late October, Jones's attorney faxed Anderson's insurer, State Farm, a letter requesting an affidavit

regarding the policy limits or a copy of the policy's declaration page. Thereafter, State Farm sent a "confirmation of coverage" showing the policy limits.

On December 6, 2019, Jones's attorney sent a demand letter and offer to settle to State Farm. In this letter, Jones listed several requirements for accepting her settlement offer, including: (1) written acceptance of the offer within thirty days of receipt of the demand letter; (2) issuance of a settlement check within ten days after acceptance of the offer; (3) an affidavit setting out the policy limits within fifteen days of the demand; and (4) a copy of the declarations page within fifteen days of the demand. Each of these requirements included the statement that "[t]imely receipt . . . is an essential element of acceptance."

State Farm received the letter via certified mail on December 18, 2019. On December 27, Jones's attorney sent State Farm a fax stating that it considered the offer rejected.

On January 3, 2020, State Farm sent a letter indicating its acceptance of the offer, and attaching a check and an affidavit of the insurance coverage policy limits. This communication did not include the declarations page, but indicated that it would be provided "in the immediate future." On January 6, Jones's attorney notified State Farm that it still had not received the declarations page and that Jones would consider

3

the settlement offer rejected. Jones explained that the demand required timely receipt of the document by December 21.[2] Later that day, State Farm faxed a copy of the declarations page to Jones's attorney. However, Jones returned the settlement check, marked "void," and filed suit against Anderson.

Anderson moved to enforce the settlement agreement, arguing that OCGA § 9-11-67.1 allowed 30 days in which to accept the settlement offer, and Jones could not shorten that statutory time frame by imposing a shorter deadline. Thus, by his calculation, he had until January 17 to accept the offer, and he did so by his timely communications on January 3 and 6. In response, Jones argued that there was no valid contract because State Farm failed to unequivocally accept the offer, and that OCGA § 33-3-28 permits her to ask for a copy of the declarations page within 15 days of the offer.[3] The trial court denied the motion to enforce the settlement, finding that the

---

[2] This date was 15 days from the date of the faxed offer of settlement. To the extent that Jones relies on the date of the faxed demand letter as the starting point for the time in which to accept, OCGA § 9-11-67.1 (e) requires the demand be sent by certified mail. Thus, we do not consider the faxed date to be the date State Farm received the offer.

[3] Under OCGA § 33-3-28 (a) (1), an insurer is required to provide a statement of the policy coverage and limits, *or* a copy of the declarations page, within 60 days of a written request. Here, prior to sending the demand letter and offer of settlement in December 2019, Jones requested a copy of the declarations page by fax and certified mail, which State Farm received on October 21, 2019. Jones contends that

4

offer was clear and unambiguous, and that State Farm failed to accept it within the set time frame. The trial court certified its order for immediate review, and we granted the interlocutory application.

On appeal, Anderson argues that the trial court erred in finding that there was no valid contract in place because Jones impermissibly circumvented the time limits set out in OCGA § 9-11-67.1 by imposing a shorter time period in which to perform acts to accept the offer of settlement. We agree that the trial court erred in its interpretation of this statutory provision; thus, we vacate the trial court's order and remand the case for further proceedings.

For purposes of this appeal, we must determine whether OCGA § 9-11-67.1 limited Jones's ability to set a time period of fewer than 30 days in which State Farm could accept the offer and comply with the demands. When we consider the meaning of a statute,

the 15-day limit in the demand letter was the amount of time remaining since it had issued its October 21 request under § 33-3-28 (a) (1). But Jones ignores that State Farm did disclose its policy limits, and, pretermitting whether that disclosure met the requirements of OCGA § 33-3-28, Jones could not demand that State Farm submit a copy of the declarations page in less than 30 days as part of the offer of settlement under the plain language of OCGA § 9-11-67.1 (a). That is not to say that Jones could not make delivery of the declarations page a condition of acceptance under the applicable version of OCGA § 9-11-67.1; rather, it means only that he could not shorten the time in which to comply.

5

we must presume that the General Assembly meant what it said and said what it meant. To that end, we must afford the statutory text its plain and ordinary meaning, we must view the statutory text in the context in which it appears, and we must read the statutory text in its most natural and reasonable way, as an ordinary speaker of the English language would. If the statutory text is clear and unambiguous, we attribute to the statute its plain meaning, and our search for statutory meaning is at an end.

(Citation and punctuation omitted.) *Grange Mut. Cas. Co. v. Woodard*, 300 Ga. 848, 852 (2) (A) (797 SE2d 814) (2017); *Deal v. Coleman*, 294 Ga. 170, 172-173 (1) (a) (751 SE2d 337) (2013). Additionally, "[a]ll statutes are presumed to be enacted by the legislature with full knowledge of the existing condition of the law and with reference to it. They are therefore to be construed in connection and in harmony with the existing law[.]" (Citation omitted.) *Grange Mut. Cas. Co.*, 300 Ga. at 852 (2) (A). Moreover, "[w]hen we consider the meaning of a statutory provision, we do not read it in isolation, but rather, we read it in the context of the other statutory provisions of which it is a part." (Citation and punctuation omitted.) *City of Marietta v. Summerour*, 302 Ga. 645, 656 (3) (807 SE2d 324) (2017); see also *Houston v. Lowes of Savannah*, 235 Ga. 201, 203 (219 SE2d 115) (1975) ("[A] statute must be viewed

so as to make all its parts harmonize and to give a sensible and intelligent effect to each part."). With this framework in mind, we turn to the statute at issue.

OCGA § 9-11-67.1 (a) provides in relevant part, that any offer to settle shall include five material terms, including,

> (1) The time period within which such offer must be accepted, which *shall be not less than 30 days from receipt of the offer*; (2) Amount of monetary payment; (3) The party or parties the claimant or claimants will release if such offer is accepted; (4) The type of release, if any, the claimant or claimants will provide to each releasee; and (5) The claims to be released.

(Emphasis supplied.).

Although the statute requires inclusion of these five specific items, nothing in the statute precludes the parties from adding other demands.[4] OCGA § 9-11-67.1 (c) ("Nothing in this Code section is intended to prohibit parties from reaching a settlement agreement in a manner and under terms otherwise agreeable to the parties."); *Grange Mut. Cas. Co.*, 300 Ga. at 855 (2) (B) (subsection (c)'s reference to "manner" confirms that there can be additional terms in a pre-settlement offer and

---

[4] We note that, under the current version, a pre-suit offer to settle is limited to the five identified material terms and parties may no longer add other terms unless mutually agreed upon. See OCGA § 9-11-67.1 (b) (1) (effective July 1, 2021).

7

that the offeror may require some act to accept it); see also *de Paz v. De Pineda*, 361 Ga. App. 293, 295 (2) (864 SE2d 134) (2021) (noting that "the offeror is the master of his or her offer and free to set the terms thereof.") (citation omitted). Nevertheless, those additional demands "[do] not take the offer beyond subsection (a)'s scope." *Grange Mut. Cas. Co.*, 300 Ga. at 858 (2) (B). Thus, under the plain language of subsection (a), the minimum amount of time in which the offeror may demand acceptance is 30 days, and this time period applies to any other condition of acceptance, including those Jones demanded. Id. at 855 (2) (B) (noting that the terms in subsection (a) are mandatory and "the most natural reading of this provision is that the statute does not preclude a Pre-Suit Offer from requiring acceptance of terms *in addition to* those set forth in subsection (a).") (emphasis supplied). To hold otherwise would essentially render the 30-day period in OCGA § 9-11-67.1 (a) meaningless.

This interpretation is consistent with general common law contract principles, and to read the statute in this manner is in harmony with the existing laws. *Grange Mut. Cas. Co.*, 300 Ga. at 855 (2) (B). We further note that our interpretation is also consistent with the statute's codified purpose of curtailing a claimant's ability to set up a claim of bad faith against an insurance company by imposing unreasonably short

8

deadlines for accepting an offer. Id. at 857 (2) (B);[5] see also *Wright v. Nelson*, 358 Ga. App. 871, 879 (856 SE2d 421) (2021) (McFadden, C. J., concurring fully and specially) ("as authoritatively construed in *Grange [Mut Cas. Ins. Co.]*, OCGA § 9-11-67.1 removes some of the mastery of offerors over their offers, but only some."). Therefore, the 30-day minimum to accept an offer set forth in OCGA § 9-11-67.1 must apply to *all* terms of the offer, even those not identified as material in the statute, and the trial court erred in concluding otherwise.

---

[5] An insurance company may be liable for the excess judgment entered against its insured based on the insurer's bad faith or negligent refusal to settle a personal claim within the policy limits. . . . An insurance company's bad faith in refusing to settle depends on whether the insurance company acted reasonably in responding to a settlement offer[.]

(Citations, punctuation, and emphasis omitted.) *First Acceptance Ins. Co. of Ga. v. Hughes*, 305 Ga. 489, 492 (1) (826 SE2d 71) (2019). Our conclusion essentially forecloses any claim for bad faith based on an alleged failure to respond to the settlement offer. Id.

Because the trial court based its decision on an erroneous interpretation of the statute, we vacate the trial court's order, and remand the case for the trial court to reconsider whether there is an agreement to settle Jones's suit.

*Judgment vacated and case remanded. Dillard, P. J., and Mercier, J., concur.*